ERNEST G. DAVIS *vs.* CRANSTON PRINT WORKS COMPANY.

JULY 24, 1957.

PRESENT: Condon, Roberts, Andrews and Paolino, JJ.

ROBERTS, J. This is an employee's petition to amend an agreement for specific compensation granted in a preliminary agreement pursuant to the provisions of public laws 1954, chapter 3297, article II, section 12. At the hearing of the case before the workmen's compensation commission, the commission on March 18, 1957 certified a question of law to

this court as is provided for in P. L. 1954, chap. 3297, art. III, sec. 11. The specific question certified is: "Is specific compensation for the loss of an arm three inches above the elbow, on October 12, 1956, governed by Sec. 12 (a) or Sec. 12 (b) of the provisions of the Public Laws of Rhode Island, 1954, Chapter 3297, as amended?" An examination of the record in this case makes it clear that the question refers to art. II, sec. 12 (a) and (b), of the act wherein provision is made for the payment of specific compensation upon the loss of various members of the body.

It is not disputed that the employee here was injured while employed by respondent on October 12, 1956. On October 24 the parties entered into a preliminary agreement for compensation. In that agreement the injury was described as "Amputation of left arm three inches above elbow." In addition to providing for the payment of other benefits, it was also agreed that specific compensation would be paid the employee at the rate of $24 weekly for a period of 255 weeks. The provision of art. II, sec. 12 (b), that specific compensation will be paid for such injuries reads as follows: "For the loss by severance of either arm at or above the elbow, or of either leg at or above the knee, for a period of 255 weeks."

In his petition to amend the employee now contends that the specific compensation to be paid to him for the loss of his arm is controlled by the provisions of sec. 12 (a) and that thereunder he is entitled to receive such specific compensation for a period of 300 weeks. The pertinent portion thereof reads: "For the loss by severance of both hands at or above the wrist, or for the loss of the arm at or above the elbow * * * for a period of 300 weeks * * *."

Generally in cases of ambiguity or apparent inconsistency between statutory provisions which are in *pari materia* or which affect related subjects, we follow the well-recognized rule of statutory construction which requires that the various provisions be given meaning and effect and all

made operative if it be reasonably possible, to the end that effect may be given to the apparent objects and purposes intended to be accomplished by the legislature. *Romoli* v. *Motta,* 59 R. I. 201; *Bradley* v. *Quinn,* 53 R. I. 349.

In the instant case, however, there is a real and irreconcilable inconsistency between the provisions under consideration. Each of the above-quoted provisions provides for the payment of specific compensation for the loss by severance of an arm at or above the elbow. One provision, however, requires that such payments be made over a longer period of time than the other.

Each of the provisions is contained in the same act and they were enacted into law at the same time. Where one of two provisions contained in a statute, which are irreconcilable, was enacted into law later in point of time than the other, it has been held that the inconsistency may be resolved by giving effect to the provision last enacted. In the circumstances in this case, however, this rule is not applicable. We consider as being entirely without merit the proposition that in these cases the inconsistency may be resolved by giving effect to the conflicting provision which appears last in the context of the statute.

It is our opinion that with respect to the provisions in conflict here we ought to give effect to that one which will most effectively carry out the legislative intent and purpose. Fundamentally the purpose of the act is to give to an employee, who by reason of injury suffers a loss of earnings, adequate economic assistance. *Rosa* v. *George A. Fuller Co.,* 74 R. I. 215, 217. This objective will be most effectively attained by giving effect to that provision of the act which gives the injured employee such economic assistance over the greatest period of time. Therefore, we answer the question certified by stating that specific compensation for the loss of an arm three inches above the elbow is governed by P. L. 1954, chap. 3297, art. II, sec. 12 (a).

The papers in the case with our decision endorsed thereon

are ordered returned to the workmen's compensation commission for further proceedings.

*Arthur M. Merolla,* for petitioner.

*Worrell & Hodge, Eldridge H. Henning, Jr.,* for respondent.