John O. Silva *vs.* Arthur W. Devine, *Director of Labor, as Administrator of the Second Injury Indemnity Fund.*

NOVEMBER 18, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is a petition for dependency benefits under the provisions of the workmen's compensation act, general laws 1956, §28-37-10. The case was heard before a single commissioner who entered a decree awarding the petitioner a total of $7.50 a week for the support of three dependent children. On appeal therefrom by the respondent the full commission entered a decree on March 25, 1959 affirming the decree of the single commissioner, and from that decree the respondent and the attorney general have each prosecuted an appeal to this court.

The relevant facts are not in dispute. The petitioner was injured on January 5, 1956 while in the employ of the United States Rubber Company. The hearing on his original petition for workmen's compensation resulted in a decree

of the commission dated August 26, 1958 awarding petitioner compensation for total incapacity. It further appears that on July 14, 1956 he had ceased to receive payments under the temporary disability act, G. L. 1956, chap. 28-41. On September 25, 1958 the employee filed his petition for dependency benefits under the provisions of §28-37-10. The director of labor disapproved the petition on the ground that it was filed more than two years after payments under the provisions of the said act had ceased. Thereupon all the papers were transmitted to the workmen's compensation commission and the case was heard by a single commissioner pursuant to G. L. 1956, §28-37-6.

The single commissioner found the facts to be as above set forth and awarded dependency benefits to petitioner commencing July 14, 1956 on the ground that "the petitioner's right to bring the present petition did not arise until he was awarded compensation. If he had brought a petition for dependency benefits prior to the date of the final decree of the full commission, such petition would undoubtedly have been denied on the ground that the petitioner's right to receive compensation had not been established."

Shortly after the final decree of the full commission was entered on March 25, 1959 affirming the decree of the single commissioner, the attorney general moved for and was granted a stay of enforcement of such decree pending the outcome of an appeal to this court. The petitioner then filed a motion to dismiss respondent's appeal for failure to make payments out of the second injury indemnity fund pending the outcome of the appeal. At the hearing on his motion to dismiss it was agreed that such motion would be argued together with respondent's appeal.

We shall first consider petitioner's motion to dismiss in which he contends that an appeal should not stay the operation of a decree, citing *Girard* v. *United States Rubber Co.*, 84 R. I. 230, *Berditch* v. *James Hill Mfg. Co.*, 85 R. I. 69,

125 A.2d 204, and *Bishop* v. *Chauvin Spinning Co.*, 85 R. I. 255, 129 A.2d 543, in support of his contention.

The respondent argues that the instant case is against the state, not a private party, and that the second injury indemnity fund is a trust fund administered by and in the custody of state officials who have an interest in the solvency of the fund and in protecting it from unwarranted depletion. For these reasons, he states that the rule enunciated in the above-cited cases, namely, that an appeal does not stay the operation of a decree and consequently failure of an appealing party to make payments pending the outcome of the appeal is ground for its dismissal, does not apply to cases involving the second injury indemnity fund.

The second injury indemnity fund act was originally enacted by public laws 1943, chapter 1363. The original act contained no provision for dependency allowances and it was not until 1954 that a provision for dependency benefits was added. P. L. 1954, chap. 3297.

Under the second injury indemnity fund act, now G. L. 1956, chap. 28-37, a fund has been established in the treasury department of the state to be available for certain stated purposes. The director of labor administers the fund and the general treasurer, who must be bonded to faithfully perform his duties, is custodian of the fund.

In the light of these provisions, we view the fund as being in the nature of a trust fund, having as its trustees the director of labor, the general treasurer, and the attorney general who is given the duty of protecting the fund from unwarranted depletion by §28-37-11. We do not think that the legislature, when it included the second injury indemnity fund provisions in the workmen's compensation act revision of 1954, intended to change the nature of the fund or the obligation of the attorney general to appeal any order for payment which he believed was improper or would unwarrantedly deplete the fund.

124

We have held that under proper circumstances §28-35-33, which provides that an appeal from a decree of the workmen's compensation commission will not stay the effect of the decree, does not prevent this court from staying a decree of the commission pending an appeal. *Girard* v. *United States Rubber Co., supra.* For the foregoing reasons it is our opinion that the instant case was a proper one for the granting of a stay. The petitioner's motion to dismiss the appeal is therefore denied.

We will now take up respondent's appeal. The director of labor set forth as his reasons of appeal that the workmen's compensation commission exceeded its authority in that "A. the said decree was based upon a claim that was barred by the express provisions of G. L. 1956, 28-35-57," and "B. The Commission erred in finding G. L. 1956, 28-35-57 was tolled or suspended by the pendency of a petition for total incapacity"; and further that the decree was against the evidence; against the law; and against the law, the evidence and the weight thereof.

The attorney general, in his capacity as such, also claimed an appeal setting forth the same reasons stated by the director of labor and also the reason that "2. The decision on which the decree is based is not proper and the fund is in danger of unwarranted depletion."

We shall consider the appeals of the director of labor and the attorney general as a single appeal since there is nothing before us to support a contention that the second injury indemnity fund is in danger of unwarranted depletion.

General laws 1956, §28-37-10, provides: "Whenever an injured employee suffering total incapacity ceases to receive payment under the provisions of the Rhode Island Temporary Disability Act he shall receive compensation in addition to compensation for total incapacity, not exceeding two dollars and fifty cents ($2.50) per week for each child, wholly or partially dependent upon the wages, earnings or salary of the employee, including an adopted or stepchild,

under the age of sixteen (16) years, or over said age, but physically or mentally incapacitated from earning, but not exceeding a total of eight dollars ($8.00) per week, which additional compensation shall be paid out of the fund established under §28-37-1; provided, however, that if the balance of said fund on May 1 in any year is less than two hundred fifty thousand dollars ($250,000), no such additional compensation shall be made until the balance of said fund on May 1 in any subsequent year is more than two hundred fifty thousand dollars ($250,000)."

It is clear from the foregoing that a petition for dependency benefits is subject to two conditions before it can be favorably considered. The employee must have exhausted his benefits under the temporary disability act and at the same time he must be suffering from total disability resulting from a compensable injury. That a compensable injury is essential is readily determined from the following language of the act: "* * * he shall receive compensation *in addition to* compensation for total incapacity * * *." (italics ours) This language presupposes payments or an adjudication of a right to payments for total incapacity resulting from a compensable injury. The respondent's contention that *Larkin* v. *George A. Fuller Co.*, 76 R. I. 395, is authority to the contrary is without merit, since that decision in nowise refutes this conclusion.

It is undisputed that after July 14, 1956 petitioner was eligible for dependency benefits in the sense that he had exhausted his credits under temporary disability insurance. The issue is raised by respondent's contention, in which he is joined by the attorney general, that the phraseology "suffering total incapacity" relates not to the determination of total incapacity by the commission but to the time of the injury. He contends that since petitioner was suffering total disability from January 1956 and his benefits under the temporary disability act were exhausted on July 14,

1956, the statute of limitations, a period of two years as provided in §28-35-57, began to run from July 15, 1956.

The petitioner argues that the statute of limitations does not apply, but that if we should hold otherwise then it must be computed from August 26, 1958, the date on which the commission affirmed the decree of the single commissioner finding that total disability resulted from a compensable injury.

Assuming without deciding that the statute of limitations, §28-35-57, is applicable to claims made under §28-37-10, we are of the opinion that the statute begins to run not from the time of the injury, as contended by respondent, but from the date that total disability resulting from a compensable injury is determined, either by an agreement entered into between the employer and the employee or by a final decree of the workmen's compensation commission. It is difficult to see how it could be otherwise. Where, as in the instant case, the employer disputes the employee's claim for compensation there can be no determination of total disability until the employee's claim has been adjudicated by the commission.

The respondent and the attorney general argue that the petitioner was required to file a claim for dependency benefits within two years after his temporary disability act credits were exhausted and to await final adjudication of his petition for workmen's compensation benefits. We fail to follow the respondent's reasoning since in either case the petitioner would not be entitled to receive dependency benefits until August 26, 1958, at which time payments would be due retroactive to July 15, 1956. No unfair burden is placed on the state, nor is it at any disadvantage if the petitioner awaits a conclusive determination that he is both totally disabled and can no longer receive temporary disability act benefits before filing his petition for dependency benefits. Similarly where a disputed claim for workmen's compensation has resulted in a finding that the injury from

which the petitioner was suffering was not compensable, a pending claim for dependency benefits would be an idle gesture. We are of the opinion, therefore, that the commission did not err.

The petitioner's motion to dismiss is denied. The appeals of the respondent and the attorney general which were heard on the merits are denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Michaelson & Stanzler, Julius C. Michaelson,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Joseph L. Breen,* for respondent.