CARLOS PACHECO *vs.* EUGENE T. LACHAPELLE, DIRECTOR OF LABOR, AS ADMINISTRATOR OF THE SECOND INJURY INDEMNITY FUND.

JULY 26, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

360

Frost, J. This is a petition for dependency benefits under the workmen's compensation act in accordance with the provisions of general laws 1956, §28-37-10. The case is here on the appeal of the respondent from a decree of the workmen's compensation commission granting the petition. The attorney general, acting under the authority conferred upon him by the provisions of G. L. 1956, §28-37-11, has joined in this appeal and hereinafter the parties will be referred to generally as the respondent.

It appears from the agreed statement of facts that petitioner sustained a compensable injury to his back on August 23, 1957 while in the employ of M. A. Gammino Construction Company; that a decree of the workmen's compensation commission dated December 21, 1959 established that petitioner was totally disabled between March 11 and April 1, 1959 and from June 16 to July 11, 1959; that he was the father of two minor children dependent upon him; and that he was never eligible for benefits and did not receive any under the temporary disability act.

The petitioner filed with respondent a petition for dependency benefits for two children under the age of sixteen years, at the rate of $2.50 per week for each child. The petition was disapproved on December 17, 1959 and referred to the commission where it was received on December 18, 1959. The pertinent portion of G. L. 1956, §28-37-10, reads as follows: "Whenever an injured employee suffering total incapacity ceases to receive payment under the provisions

of the Rhode Island Temporary Disability Act he shall receive compensation in addition to compensation for total incapacity, not exceeding two dollars and fifty cents ($2.50) per week for each child, wholly or partially dependent upon the wages, earnings or salary of the employee, including an adopted or stepchild, under the age of sixteen (16) years * * *." The trial commissioner before whom the petition was heard found that petitioner was entitled to $5 per week for the period between March 11 and April 1, 1959 and between June 16 and July 11, 1959, stating that payments under the temporary disability act were not a necessary prerequisite to payments under §28-37-10, and that the section simply prohibits the payment of both temporary disability benefits and dependency benefits from the second injury indemnity fund at the same time. The full commission affirmed the finding of the trial commissioner, and from the decree entered on March 9, 1960 the present appeal was taken.

There is no dispute as to the facts. The sole question is one of law and arises from the meaning of the word "cease." The ground of the appeal is that the decree fails to give effect to the condition precedent to eligibility for dependency benefits. To state it simply, the respondent asserts that dependency benefits may not be given until disability payments have ceased, have come to an end; that to have ceased they must at one time have been received; and that in this case it is conceded that disability payments were never received and therefore the condition precedent for dependency benefits is wholly lacking.

The petitioner contends that the meaning of the section in question is simply that an employee is prohibited from receiving dependency benefits from the second injury indemnity fund at the same time that he is receiving temporary disability payments. The legislature writes the law; the court determines what the written words mean. *Moretti* v. *Division of Intoxicating Beverages*, 62 R. I. 281. If

the meaning of the words is clear no interpretation is required or permitted. *Hathaway* v. *Hathaway*, 52 R. I. 39; *State* v. *Patriarca*, 71 R. I. 151. This court has stated that in the absence of statutory definition or qualification the words of a statute are given their ordinary meaning. *Landry* v. *Cornell Construction Co.*, 87 R. I. 1, 137 A.2d 410; *Carlson* v. *McLyman*, 77 R. I. 177; *Mount Pleasant Cab Co.* v. *Rhode Island Unemployment Compensation Board*, 73 R. I. 7.

In Webster's New International Dictionary (2d ed.) 1946, the word "cease" is defined as "To come to an end; to stop * * *." The meaning clearly appears to be that something has existed and then has stopped, that is, has ceased to exist. The word "cease" as used in the section above quoted unquestionably conveys the idea that petitioner has received payments under the temporary disability act and that such payments have stopped or have not continued. In other words, the statute clearly means that an employee must have received payments under the temporary disability act and that such payments have stopped before he can be in a position to receive dependency benefits. 14 C.J.S. Cease, p. 58; *Bradner* v. *Vasquez*, 102 Cal. App. 2d 338. The language indicates that dependency benefits are given to offset the loss of disability benefits sustained by an employee who is totally incapacitated under the workmen's compensation act. The statute in question by its clear wording does not apply to an employee who, while totally incapacitated, has not received disability payments. Where the language of a statute is clear we are bound to assume that it expresses the meaning that the legislature intended it to have.

In *Silva* v. *Devine*, 90 R. I. 120, 155 A.2d 605, which was a case involving the statute of limitations, we stated at page 125, "It is clear from the foregoing that a petition for dependency benefits is subject to two conditions before it can be favorably considered. The employee must have ex-

hausted his benefits under the temporary disability act and at the same time he must be suffering from total disability resulting from a compensable injury."

And in *DeCosta* v. *Devine*, 90 R. I. 240, 157 A.2d 247, which was a case involving dependency benefits, although not the precise question which arises in the instant case, we stated at page 244, "The benefits authorized by §28-37-10 are special benefits the right to which arises under certain conditions separate and apart from the cause which gave rise to petitioner's total disability compensation and these benefits are expressly declared to be in addition to such compensation. In our opinion those conditions must be complied with literally and admit of no modification." And at page 244 we further stated, "The right to claim such benefits accrued to petitioner on September 30, 1955 when he ceased to receive benefits under the temporary disability act."

We are of the opinion that since the petitioner never received benefits under the temporary disability act he cannot be said to have "ceased" receiving them and therefore he does not bring himself within the clear language of §28-37-10.

The appeal of the respondent and the attorney general is sustained, the decree appealed from is reversed, and the cause is remanded to the workmen's compensation commission for further proceedings in accordance with this opinion.

*William R. Goldberg, Ronald R. Gagnon,* for petitioner.

*J. Joseph Nugent,* Attorney General, for respondent.