**217 A.2d 240.**

Elizabeth Mustapha *vs.* Patton-MacGuyer Company.

MARCH 4, 1966.

Present: Roberts, C. J., Paolino and Joslin, JJ.

494

ROBERTS, C. J. This is an employee's petition for specific compensation under G. L. 1956, §28-33-19 (m). The petitioner has been receiving, pursuant to a preliminary agreement, specific compensation for the loss of two phalanges of each of the four fingers of her right hand. Now contending that because of this partial loss of her fingers, her right hand has become permanently useless at the wrist, she seeks compensation therefor under the statute. A decree was entered by the trial commissioner awarding specific compensation in excess of that provided for in the agreement on a showing of the loss of an additional one-half phalange of each of her four fingers but denying her prayer for specific compensation for the loss of use of the right hand. The cause is now before this court on the petitioner's appeal from a decree of the full commission affirming the decree of the trial commissioner.

The petitioner contends that because the severance of the portions of her fingers rendered her right hand permanently useless, she is entitled under the provisions of §28-33-19 (m) to recover for such loss of use of the hand. This is to say that her entitlement to specific compensation is not restricted to that provided for the severance of the phalanges of the fingers as provided for in clauses (g), (h), (i), and (j) but extends to the compensation provided for severance of the hand in clause (c) of §28-33-19 when that member becomes useless as contemplated in clause (m). On the other hand, respondent argues that clause (m) has application only where there has been no severance of the bodily member affected and not in those cases where there

has been an additional loss of use after severance. In other words, respondent contends that petitioner has been compensated under the statute for the severance of the fingers and cannot now under clause (m) thereof claim specific compensation for the loss of the use of her hand as a whole.

The full commission in its decree found as a fact that "The loss of use which the petitioner has sustained in her right hand * * * is occasioned only by the severance of all or part of the first, second and third phalange of the index, second, third and fourth fingers of the petitioner's right hand, and by no other cause." The full commission thereupon denied and dismissed the petition, thus affirming the decree of the trial commissioner. In its decision the full commission disclosed the conclusion of law upon which it based its denial and dismissal of the petition when it said: "* * * it is our opinion that an injured employee is not entitled to specific compensation for both severance (amputation), and an additional sum for the loss of use occasioned by the severance."

The precise posture in which the case is presented to us raises but a single issue, that being whether petitioner is precluded from receiving specific compensation under clause (m) for the loss of the use of her right hand, it being established that such loss of use is a consequence of the severance of the fingers thereof. Is her entitlement to specific compensation limited to that allowed for severance of a bodily member as provided in other clauses of §28-33-19? We are of the opinion that she ought not to be precluded from receiving such additional amounts of specific compensation as would be payable to her under clause (m) as reduced by such amounts as have already been paid her pursuant to the provisions of clauses (g), (h), (i), and (j).

This court has long adhered to the policy of construing provisions of the workmen's compensation act liberally so long as we may do so without violating the express terms

thereof. In *Davis* v. *Cranston Print Works Co.*, 86 R. I. 196, we were confronted with the problem of giving effect to one of two irreconcilable provisions of that act. At page 199 we said: "It is our opinion that with respect to the provisions in conflict here we ought to give effect to that one which will most effectively carry out the legislative intent and purpose. Fundamentally the purpose of the act is to give to an employee, who by reason of injury suffers a loss of earnings, adequate economic assistance. * * * This objective will be most effectively attained by giving effect to that provision of the act which gives the injured employee such economic assistance over the greatest period of time."

There is some persuasive force in the argument that the provisions of clause (m) were added to the act in order to provide an injured employee with economic assistance when a bodily member, while useless, had not been severed. We cannot conclude, however, that such an addition to the act contemplated an application of clause (m) only in cases where such uselessness did not result from a severance. To so construe clause (m), in our opinion, would be inconsistent with the basic purpose of the legislation, that is, to secure to the casualties of industry financial assistance sufficient to overcome the economic impact of such injuries and would clearly thwart the legislative intent in this respect.

We cannot agree with respondent's contention that the concept of strict construction as related to clause (m) is suggested at least in the language used by this court in *Bowen* v. *Simmons,* 97 R. I. 283, 197 A.2d 275, and *Landry* v. *Cornell Construction Co.,* 87 R. I. 1. We have examined those cases closely and, as we understand them, our long-standing policy of construing the provisions of clause (m) as liberally as the terms thereof permit was followed.

It is our opinion then that the commission erred in con-

cluding that petitioner was not entitled to specific compensation for the loss of use of her right hand under clause (m) to the extent that such a loss is established even though a severance of part of the four fingers of that hand had taken place. The ends of justice would be best served if the cause were remanded to the commission to permit a determination of the percentage of loss of use of the hand and on that basis to establish the number of weeks of specific compensation to which she would be entitled, credit being allowed for the specific compensation already paid for the loss by severance of the fingers of the same hand.

The respondent questions also the jurisdiction of the commission to pass upon the loss of use of petitioner's hand, arguing that the execution of a preliminary agreement which provided specific compensation for the severance of the fingers of that hand is res adjudicata of the question of loss of use resulting from such severance. We are unable to agree. In *DiVona* v. *Haverhill Shoe Novelty Co.*, 85 R. I. 122, we adopted the view that the doctrine of res adjudicata has application to litigation of compensation claims only as to those issues which were in fact raised and decided in the prior proceeding.

As we have indicated, it is our opinion that the question of whether the petitioner's loss of use of the right hand is compensable under clause (m) by clear implication raises the issue of res adjudicata. It is our conclusion that loss of use was not within the contemplation of the parties at the time the preliminary agreement was executed and, therefore, that the commission did not err in hearing and determining that issue in the instant proceeding.

The petitioner's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the workmen's compensation commission for further proceedings in compliance with this opinion.

498

*George C. Berk,* for petitioner.

*Worrell and Hodge, Eldridge H. Henning, Jr.,* for respondent.