241 A.2d 228.

SEBASTIANO SUFFOLETTA *vs.* JOHN J. HALL, *Director of Labor.*

APRIL 23, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J.  This is a petition for the payment of dependency benefits from the second injury indemnity fund as provided for in G. L. 1956, §28-37-10, as amended.  From a decree of the workmen's compensation commission affirming the decree of a trial commissioner awarding payment of such benefits, the respondent director of labor has prosecuted an appeal to this court.

The claim for such payments was submitted to the director of labor and disallowed on the ground that "* * * petitioner was not receiving total disability compensation at the time his Temporary Disability Insurance benefits ceased."  The cause was then submitted to the workmen's compensation commission on certification pursuant to the provisions of §28-37-6.  A trial commissioner, after hearing, ordered dependency benefits to be paid pursuant to the statute, and on an appeal therefrom by the respondent the full commission affirmed that decree.

Section 28-37-10, as amended, authorizes the payment of dependents' allowances to totally incapacitated persons from the second injury fund and reads, in part:  "Whenever an injured employee suffering total incapacity ceases to receive payment under the provisions of the Rhode Island temporary disability act, he shall receive compensation in addition to compensation for total incapacity, not exceeding three dollars ($3.00) per week for each child, wholly or

partially dependent upon the wages, earnings or salary of the employee * * *."

There is no dispute as to the facts material to the issue here. The petitioner sustained a compensable injury on December 9, 1964, and received compensation for total incapacity from the date of his injury until January 3, 1966, at which time a decree was entered by the commission finding that petitioner had only been partially incapacitated on and after October 18, 1965. It further appears that on January 1, 1966, while the incapacity of petitioner was partial, payments to him from the temporary disability fund terminated. However, on June 20, 1966, a decree was entered containing the finding that petitioner had again become totally incapacitated as of February 4, 1966, and he has continued to receive since that time payments for total incapacity. The instant petition was filed on January 17, 1967, while petitioner was receiving benefits for total incapacity.

It was on the basis of the fact that petitioner's incapacity was partial when on January 1, 1966, his payments from the temporary disability fund terminated that respondent director disallowed his claim. It is clear that respondent was applying the statute literally and holding that unless an injured employee's incapacity was total at the precise time that his temporary disability fund payments ended, he was not entitled to the relief contemplated by the statute.

The commission, on the other hand, took the view that while cessation of payment of benefits under the temporary disability fund and the receipt of payments for total disability were two conditions precedent to eligibility for dependency payments under §28-37-10, as amended, these prerequisite conditions existed on January 17, 1967, when the application for dependency benefits was filed. In so holding, the commission relied on the language contained in

*Silva* v. *Devine,* 90 R. I. 120, 155 A.2d 605, which, in part, reads, 90 R. I. at 125, 155 A.2d at 608: "* * * It is clear * * * that a petition for dependency benefits is subject to two conditions before it can be favorably considered. The employee must have exhausted his benefits under the temporary disability act and at the same time he must be suffering from total disability resulting from a compensable injury." It appears then that the commission held that eligibility could exist where an adjudication of total incapacity follows the cessation of payments under the temporary disability fund.

We are here asked to sustain the respondent director's view that the provisions of §28-37-10, as amended, must be applied literally to a claim for dependency benefits and that the cessation of payments from the temporary disability fund referred to in the statute must occur while the injured employee is receiving benefit payments for total incapacity. We have held that there must be a literal compliance with the conditions prescribed in the statute for eligibility for such dependency payments. *Pacheco* v. *Lachapelle,* 91 R. I. 359, 163 A.2d 38; *DeCosta* v. *Devine,* 90 R. I. 240, 157 A.2d 247.

However, in *Silva* v. *Devine, supra,* we gave the statute a liberal construction, at least by indirection, when we held that §28-35-57 of the act, which bars claims thereunder unless filed within two years after the occurrence or manifestation of the injury, did not begin to run for purposes of determining dependency benefits at the time of the occurrence of the injury which produced the total incapacity but at the time that total incapacity was determined, either by an agreement between the employer and the employee or an adjudication thereof by the workmen's compensation commission. There, where the claim had been made more than two years after the time of the occurrence of the injury but less than two years after the time that total in-

capacity was adjudicated by the commission, we held that the statute began to run from the time of that adjudication and that the claim was not barred thereby. In short, this court clearly gave §28-37-10, as amended, so far as the running of the statute of limitations was concerned, a liberal construction.

*Silva* is typical of numerous cases arising under the provisions of the workmen's compensation act in which this court has sought to promote the humanitarian purposes of the act by liberally construing its provisions when it is possible to do so without contravening some express provision contained in the act. *Mustapha* v. *Patton-MacGuyer Co.*, 100 R. I. 493, 217 A.2d 240. There we said: "* * * This court has long adhered to the policy of construing provisions of the workmen's compensation act liberally so long as we may do so without violating the express terms thereof." In that opinion we quoted from *Davis* v. *Cranston Print Works Co.*, 86 R. I. 196, 133 A.2d 784, where at page 199, 133 A.2d at page 786, we said: "* * * It is our opinion that with respect to the provisions in conflict here we ought to give effect to that one which will most effectively carry out the legislative intent and purpose. Fundamentally the purpose of the act is to give to an employee, who by reason of injury suffers a loss of earnings, adequate economic assistance. * * * This objective will be most effectively attained by giving effect to that provision of the act which gives the injured employee such economic assistance over the greatest period of time."

It is clear, in our opinion, that §28-37-10, as amended, in providing for the payment of dependency benefits to a totally incapacitated employee, was intended to provide such employee with continued economic assistance after the cessation of similar benefits he had been receiving from the temporary disability fund. Conceding that, whatever the motivation of the legislature was, we will not by conjec-

turing thereon defeat an express provision of the act under the guise of giving it a liberal interpretation, the question then is: Is there any express provision in the pertinent portion of the legislation that a liberal interpretation would violate?

We are unable to perceive that the statute expressly so limits the right to receive dependency benefits. Section 28-37-10, as amended, provides that when an injured employee suffering total incapacity "* * * ceases to receive payment * * *" of benefits under the temporary disability fund, he shall be eligible to receive payment of dependency benefits as provided therein. In our opinion, this does not constitute an express limitation on eligibility for such dependency benefits to those whose receipt of benefit payments under the temporary disability fund ceased while they were actually receiving payments for total incapacity. The language is open to a reasonable construction consistent with a liberal application of the statute and that is that those injured employees whose total incapacity began after the cessation of payments from the temporary disability fund would be eligible for dependency benefits under the statute. In short, we do not believe that the legislature, in using the words "* * * ceases to receive payment * * *," intended to expressly require that such cessation of payments and total incapacity concur in point of time. Rather, the occurrence of total incapacity after the payments payable under the temporary disability fund cease is sufficient to establish eligibility for dependency benefits.

Counsel for the injured employee has also asked this court to award a counsel fee for his services in the matter. We would direct his attention to Provisional Order No. 5, wherein procedures for claiming a counsel fee under the appropriate statutory provisions are set out.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded

to the workmen's compensation commission for further proceedings.

*Jacob D. Portnoy,* for petitioner.

*Herbert F. DeSimone,* Attorney General, *W. Slater Allen,* Special Assistant Attorney General, for respondent.