242 A.2d 304.

GABRIEL RUGGIERI *vs.* PEARSON CORPORATION.

MAY 22, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is an employee's petition to be reimbursed for expenses incurred by him while traveling from Florida to Rhode Island to submit to a medical examination ordered by the commission under the provisions of G. L. 1956, §28-33-34, as amended. After a hearing on the petition, the trial commissioner found that the workman's compensation commission "* * * is without authority to order the respondent to reimburse the petitioner for any expenses incurred in travelling to and from a physical examination ordered at the request of the respondent" and denied and dismissed the petition. On the employee's appeal from the decree of the trial commissioner, the full commission on October 10, 1967, entered a decree affirming the findings of fact and the orders contained in the decree of the trial commissioner. From that decree the employee has prosecuted an appeal to this court.

The record discloses that the employee has been receiving compensation for incapacity that resulted from an injury sustained by him in 1963. It further appears that after 1963 the employee had changed his residence from Rhode Island to Florida. In January 1966, on motion of the employer, the employee was ordered to submit to a medical examination by a physician designated by the employer. Pursuant to that order, the employee traveled from Florida to Rhode Island and submitted to the examination at the office of Dr. G. Edward Crane on April 25. The employee then returned to Florida and subsequently, upon the refusal of the employer to reimburse him for the cost of the travel involved in the examination, brought the instant petition to compel reimbursement.

At the hearing before the trial commissioner, the employee moved that the cause be referred to the workmen's

compensation division of the Florida industrial commission so as to permit him to present to that tribunal evidence as to the total cost of the travel involved and the reasonableness thereof. To this the employer objected. The trial commissioner, however, concluded that in the posture in which this case was presented the question of the authority of the commission to order reimbursement for travel expenses incurred by reason of the examination contemplated in §28-33-34 was antecedent to any question concerning the reference of the cause to a tribunal of a sister state. He then noted that nothing contained in §28-33-34 provided, either in express terms or by necessary implication, for the payment of the reasonable expenses involved in submitting to the examination contemplated therein. It was the conclusion of the trial commissioner, in which the full commission concurred, that in these circumstances the commission was without authority to order reimbursement of the expenses so incurred.

The commission also directed attention to §28-33-39, which provides, in pertinent part, that "The reasonable costs of transportation to and from the office of any impartial examiner appointed as hereinbefore provided, shall be charged to the employer and, if paid for by the employee, he shall be reimbursed in full for such expenditure by his employer * * *." The commission took the view that the legislature, while providing for allowance for travel expenses where impartial medical examinations have been ordered, omitted such provision from §28-33-34 intentionally.

The employee in this court argues for a liberal construction of the pertinent provisions of the compensation act, contending that if the act be so construed, he is entitled to be reimbursed for the travel expenses incurred in the instant case. He cites numerous cases supporting the view that the provisions of the compensation act are to be construed liberally so as to give effect to its evident purposes, *Perri* v. *Scott Testers, Inc.,* 84 R. I. 91, 121 A.2d 644, and

to give effect to the legislative intent that the act was to provide an employee who has lost earning capacity by reason of injury with adequate economic assistance, *Davis* v. *Cranston Print Works Co.*, 86 R. I. 196, 133 A.2d 784. We are cognizant of and in full agreement with the principle of liberal construction as contemplated in the line of cases referred to by the employee. However, we are aware also that the doctrine of liberal construction as it relates to the provisions of the compensation act is not without some limitation.

We have recognized that there are cases in which the doctrine may not be invoked. In *Martinuzzi* v. *Capitol Marble & Tile Co.*, 79 R. I. 115, 84 A.2d 605, we refused to apply the doctrine of liberal construction to provisions of the compensation act where the effect would be to distort the explicit language of the act. Similarly, in *Mustapha* v. *Patton-MacGuyer Co.*, 100 R. I. 493, 495, 217 A.2d 240, 241, we said: "This court has long adhered to the policy of construing provisions of the workmen's compensation act liberally so long as we may do so without violating the express terms thereof." We adhered to this view in *Suffoletta* v. *Hall*, 103 R. I. 709, 241 A.2d 228. The question then is whether there is in the provisions of the legislation for which liberal construction is sought any language that either in express terms or by necessary implication reveals a legislative intent that the statute be applied literally. Where there is such language within the legislation, we will not, by resorting to the doctrine of liberal construction, either distort or violate such legislative intent.

We turn to an examination of §28-33-34 to determine the extent to which the express provisions thereof relieve an employee of costs involved in submitting to the medical examination contemplated therein. As it now stands, the section provides that when the employee submits to an examination by a physician "* * * furnished and paid for by the employer," he may in his own discretion have in at-

tendance at the examination a physician selected by himself to be "* * * paid for by the employer * * *." A close scrutiny of this provision of the statute discloses no provision that clearly relieves the employee of other costs involved in submitting to the examination contemplated therein. It would not be difficult to take the view that the legislature, in providing that the costs of the examining physician and physician selected by the employee be borne by the employer, discloses an intent that examinations ordered pursuant to this statutory provision were intended to be without cost to the employee. To take such a view would obviously be promoting the social objectives of the compensation act.

However, two considerations militate against such a conclusion. In the first place, as the commission noted in its decision, the requirement that an employee submit to an examination by an impartial medical examiner provided for in §28-33-39 is a specific requirement that the costs of transportation to and from the office of the impartial examiner shall be borne by the employer. Thus, it becomes clear that the legislature was fully cognizant of the factor of travel costs in these situations, and while providing for it in §28-33-39, remained silent in §28-33-34 as to who should bear the cost of travel even though it provided that the physicians' fees be paid for by the employer.

Bearing also on the question of whether the legislature intended to relieve an employee submitting to the examination provided for in §28-33-34 from the cost of travel involved therein is the fact that prior to 1959 this section, while giving the employee the right to have present a physician of his own choosing, specifically required the employee himself to pay the fees of the physician. However, in P. L. 1959, chap. 104, sec. 1, §28-33-34 was amended so as to require that the employer bear the cost of the physician selected by the employee to be present during the course of the examination.

This amendment, in our opinion, is significant of the legislative intent to limit the extent to which the cost of such examination should be borne by the employer to those items expressly set out therein. It is clear that the legislature, at the time it amended the statute to require the employer to bear the cost of the physician selected by the employee, could very readily have provided in similar express language that the cost of travel therein be borne by the employer. Clearly then at that time the legislature intended that the employee would be relieved of the cost of such examination only to the extent of the payment of fees of the physicians in attendance thereat. We are persuaded that the legislature, in enacting the amended version of §28-33-34, clearly intended to limit the extent to which the statute would relieve an employee of the costs involved in such examination to those resulting from the attendance of the physicians as expressly provided therein. In our opinion, we would be distorting the express language of the section were we by judicial construction to extend this relief from expense to the cost of travel involved in submitting to the examination.

The petitioner's appeal is denied and dismissed, and the decree appealed from is affirmed.

*Abedon, Michaelson, Stanzler & Biener, Julius C. Michaelson, Richard A. Skolnik,* of counsel, for petitioner.

*Francis V. Reynolds, Bernard W. Boyer,* for respondent.