247 A.2d 900.

HOWARD N. REARDON *vs.* JOHN J. HALL, *Director of Labor*

NOVEMBER 18, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This employee's petition was brought against the state director of labor in his capacity as administrator

of the second injury indemnity fund[1] to recover specific benefits from such fund and payment for necessary medical services, namely, specially fitted shoes with a brace and a spring foot drop brace. After a hearing the trial commissioner entered a decree ordering the respondent to pay for the medical services, but denying and dismissing the petition for specific benefits and a counsel fee on the ground that the workmen's compensation commission lacked jurisdiction to make such award. On appeal by the petitioner the full commission affirmed. The cause is before us on the petitioner's appeal from the decree of the full commission.

The only issue raised by this appeal is whether the workmen's compensation commission has jurisdiction under the workmen's compensation act to award specific benefits and counsel fees out of the second injury indemnity fund.

The facts are not in dispute. On November 11, 1952, petitioner suffered a compensable back injury. On April 15, 1953, he entered into a preliminary agreement whereby he was awarded compensation for total incapacity commencing on April 6, 1953. Thereafter, on October 25, 1965, petitioner entered into an agreement with the director of labor as custodian of the second injury indemnity fund for the continuance of compensation payments from the fund pursuant to the provisions of G. L. 1956, §28-37-8. The petitioner has continued to receive weekly payments under the second injury fund.

On May 3, 1967, he filed the instant petition. At the hearing before the trial commissioner petitioner presented medical evidence that as a result of his original back injury he had sustained a 50 per cent loss of use of his left foot. He claimed then, as he does now, that he was entitled to specific benefits for such loss under the second injury fund.

---

[1]We shall sometimes refer to the second injury indemnity fund as the second injury fund or the fund.

The respondent did not contest his entitlement to payment for the shoes and brace, but he contended that the workmen's compensation commission had no jurisdiction to grant specific benefits or counsel fees under the second injury fund as requested by petitioner.

After the hearing the trial commissioner entered a decision and a decree based thereon which contained findings of fact that (1) the medical services requested were necessary to cure, relieve or rehabilitate petitioner, and (2) that petitioner had sustained a 50 per cent loss of use of the left foot as a result of his original injury. The decree ordered the payment of the requested medical services, but denied and dismissed the petition for specific benefits and counsel fee on the ground that the workmen's compensation commission lacked jurisdiction to make such award. As already noted petitioner appealed from the decree of the full commission which affirmed the decree entered by the trial commissioner.

*I*

The respondent argues now, as he did before the workmen's compensation commission, that there is nothing in the provisions of the workmen's compensation act with reference to the second injury fund which authorizes the payment of specific benefits or a counsel fee. The petitioner argues to the contrary. He contends that the full commission erred in deciding that it lacked jurisdiction to award specific benefits and a counsel fee out of the second injury fund. We consider first his claim for specific benefits for 50 per cent loss of use of his left foot. He relies on the following language in §28-33-19, as amended:

"* * * In case of the following specified injuries there shall be paid in addition to and concurrently with all other compensation provided for in chapter [s] 29 to 38, inclusive, of this title a weekly payment equal to one-half (½) of the average weekly earnings of the injured employee, but in no cases more than thirty

dollars ($30.00) nor less than sixteen dollars ($16.00) per week."

Chapter 37 of the workmen's compensation act is the chapter which deals with the second injury indemnity fund. The petitioner argues, as we understand him, that inasmuch as §28-33-19 refers expressly to "* * * all other compensation provided for in chapter[s] 29 to 38, * * *" there is a clear mandate in §28-33-19, and therefore the workmen's compensation commission erred in deciding that it had no jurisdiction to award specific benefits under the second injury fund. The petitioner attempts to bolster his argument by his statement that his conclusion is also correct "* * * when considered in the light that the act is to be construed liberally in favor of the employee."

We note at the outset that, as pointed out by respondent, petitioner did not petition for or receive specific benefits under §28-33-19, as amended,[2] at any time prior to the filing of the instant petition. In our judgment the controlling statute is title 28, chap. 37. Section 28-37-1 provides in part that

"* * * There is hereby established * * * a special fund to be known as the second injury indemnity fund which *shall be available only for the purposes hereinafter set forth* * * *." (emphasis supplied)

Section 28-37-8 provides as follows:

"* * * In addition to any other payments authorized to be made from the fund established under §28-37-1, payments from the fund shall be made for the continuance of compensation and medical expenses[3] at his or her prevailing rate to any employee who subsequent to January 1, 1940 has suffered an injury resulting in his receiving compensation payments for total inca-

---

[2]In this proceeding we are not called upon, nor do we consider, the question whether petitioner may bring an action against his employer at the present time under the provision of §28-33-19. as amended. Compare *Tirocchi* v. *United States Rubber Co.*, 101 R. I. 429, 224 A.2d 387.

[3]See *Cabral* v. *Hall*, 102 R. I. 320, 230 A.2d 250.

pacity and such incapacity has continued or will continue beyond the maximum period of payment for total incapacity provided under chapters 29 to 38, inclusive, of this title. Such payments for continuing total incapacity shall be made from the fund until the employee's total incapacity has ended or until his death, provided, however, no payment shall be made under this section to an employee whose future payments of compensation have been commuted to a lump sum; and provided, further, that the death of such employee from any cause terminates the right to any further compensation under this section."

It is clear from a reading of §28-37-8 that in providing for the payment of benefits thereunder the legislature authorized continuance of payments originally made under §28-33-17, as amended, for total incapacity only. As the commission found, there is no express reference in §28-37-8 to payments for specific injuries.

While it is true, as petitioner notes, that the workmen's compensation act is to be construed liberally in favor of the employee it is equally true, as the court stated in *Mustapha* v. *Patton-MacGuyer Co.,* 100 R. I. 493, 495, 217 A.2d 240, 241, that this policy applies only " * * * so long as we may do so without violating the express terms * * *" of the act. In *Silva* v. *Devine,* 90 R. I. 120, 123, 155 A.2d 605, 607, this court stated in substance that we viewed the fund as being in the nature of a trust fund for certain stated purposes, and that its inclusion in the workmen's compensation act revision of 1954 did not signify a legislative intention to change the nature of the fund. Where, as here, the language of a statute is clear, conveys a sensible meaning and does not contradict or defeat an evident legislative purpose, there is no room for statutory construction. *Cabral* v. *Hall, supra; Carlson* v. *McLyman,* 77 R. I. 177, 74 A.2d 853.

The language of §§28-37-1 and 28-37-8 is clear and unambiguous. We must apply it as written; as we have pre-

viously noted, there is no language in the workmen's compensation act with reference to the second injury fund which authorizes the commission to grant the specific benefits requested by petitioner. We therefore hold that the commission did not err in deciding that it had no jurisdiction to grant the specific benefits which are the subject of the instant petition.

## II

Under reason of appeal No. 3 petitioner alleges that the full commission erred in decreeing that it was without jurisdiction to award a counsel fee in the instant petition. He argues strenuously that the commission should have such authority in cases involving claims against the second injury fund, that the act should so be construed, and that we should disregard our order in *Suffoletta* v. *Hall*, 104 R. I. 723, 241 A.2d 832 and in *Cabral* v. *Hall*, unreported Order, filed July 19, 1967.

The petitioner's arguments that the commission should have jurisdiction to award counsel fees in matters arising under the second injury fund should be addressed to the legislature rather than to this court. We have already considered this question and have held that " * * * the legislature has made no provision for such an award to an employee who successfully prosecutes a petition for benefits from the Second Injury Indemnity Fund." *Suffoletta* v. *Hall; Cabral* v. *Hall*, both *supra*. Our orders in those cases are controlling here.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Bernard W. Boyer,* for petitioner-appellant.

*Herbert F. DeSimone,* Attorney General, *W. Slater Allen, Jr.,* Special Assistant Attorney General, for respondent-appellee.