DECISION
This matter comes before the Court on Eastern Refactorie, Inc.'s (defendant) Motion to Dismiss Edward and Barbara Perusse's (plaintiffs) Complaint on the grounds of improper venue pursuant to R.I. Super. R. Civ. P. 12(b)(3) and the doctrine of forum non conveniens.
 Facts and Travel
The plaintiffs filed a personal injury suit on October 10, 2000, against numerous defendants, including Eastern Refactories, Inc.[1]
According to plaintiffs' Complaint, the defendant is a Massachusetts company doing business in Rhode Island. The plaintiffs obtained service on the defendant pursuant to R.I. Super. R. Civ. P. 5(f)(2). Mr. Perusse alleges he contracted asbestos-related mesothelioma through his employment from exposure to asbestos-containing products supplied and installed by the defendant.
The defendant argues that plaintiffs' Complaint should be dismissed for improper venue and under the doctrine of forum non conveniens. Defendant states that plaintiffs are Massachusetts residents and have never been residents of Rhode Island. Furthermore, the defendant avers that Mr. Perusse never worked in Rhode Island. The plaintiffs respond that venue is proper pursuant to G.L. 1956 § 9-4-4 and that the legal doctrine of forum non conveniens does not exist in Rhode Island.
 Venue
General Laws § 9-4-4 provides in pertinent part that:
 "Venue in personal or transitory actions involving corporations. Personal or transitory actions and suits brought by or against corporation, if brought in the superior court, shall be brought in the court for the county, . . . in which the other party or some one of the other parties dwell, or in the court for the county . . . in which the defendant or some one of the defendants shall be found, or in which the corporation is located by charter. . . ."
Specifically referring to G.L. 1956 § 9-4-4, the Rhode Island Supreme Court has stated that "[t]he language of this statute is free of ambiguity and conveys a definite and sensible meaning which does not contradict an evident legislative purpose. We must, therefore, give literal effect to its terms." Berberian v. Town of Westerly, 381 A.2d 1039, 1042 (R.I. 1978) (citing Reardon v. Hall, 104 R.I. 591, 247 A.2d 900
(1968)).
In the instant matter, PIC Contractors, a corporation existing under the laws in Rhode Island with its principal place of business in Rhode Island, is also a defendant in this action. According to the clear language of G.L. § 9-4-4, venue is proper since one of the defendant corporations (PIC) is located by charter in Rhode Island. Furthermore, the Rhode Island Supreme Court has held that in a case with out-of-state-parties, one of which does business in Rhode Island, the Rhode Island Superior
Court has jurisdiction and venue is proper. See Kurland Auto Leasing, Inc. v. I.S.K. of Massachusetts, 306 A.2d 839 (1973). Analogous to parties in Kurland, both parties in the instant matter are from out-of-state, and the defendant conducts business in Rhode Island.[2]
Therefore, venue is proper pursuant to G.L. 1956 § 9-4-5 which provides: "Venue of actions between nonresident parties. — If no one of the plaintiffs or defendants dwell within the state, and a corporation established outside the state be a party, personal or transitory actions or suits by or against it may, if brought in the superior court, be brought in the court for any county. . . ."
 Forum Non Conveniens
Assuming this Court has both personal and subject matter jurisdiction and venue is proper, the defendant contends that this case should be dismissed pursuant to the doctrine of forum non conveniens.
The doctrine of forum non conveniens holds simply that a court may resist the imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute. Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947). See 15 Wright, Miller Cooper, Federal Practice and Procedure § 3828 (2d ed. 1986). However, a state is not bound by the federal doctrine; it may adopt a system of courts and forms of remedies as it sees fit including the application of the doctrine of forum non conveniens. Baker v. Bell Helicopter Textron, 985 S.W.2d 272
(1999) (citing Broderick v. Rosner, 294 U.S. 629 (1935).
The United States Supreme Court has described the doctrine of forum non conveniens as an "instrument of justice," Williams v. Green Bay W.R. Co., 326 U.S. 549 (1946) (quoting Rogers v. Guaranty Trust Co.,288 U.S. 123,151 (1933) (Cardozo, J. dissenting)), the rationale for which is that maintenance of a suit away from the domicile of the defendant — whether a corporation or an individual — might be vexatious or oppressive. Williams v. Green Bay W.R. Co., 326 U.S. 549
(1946).
Furthermore, the relief sought against a foreign corporation may be so extensive or call for such detailed and continuing supervision that the matter could be more efficiently handled nearer home. Id.
However, neither the Rhode Island Supreme Court nor the Rhode Island Legislature has formally recognized this doctrine's application.
As this Court finds that venue pursuant to G.L. 1956 § 9-4-4 is proper, the defendant's Motion to Dismiss is denied.
Counsel shall submit the appropriate judgment for entry.
[1] More than twenty-five defendants have been named in this action.
[2] Eastern Refactories does not challenge personal or subject matter jurisdiction.