EDWARD H. BOWEN *vs.* COLSON O. SIMMONS.
COLSON O. SIMMONS *vs.* EDWARD H. BOWEN.

FEBRUARY 10, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

JOSLIN, J. These are two proceedings under the workmen's compensation act. The first case is the employee's petition under the provisions of G. L. 1956, §28-33-19, as amended by P. L. 1959, chap. 163, to obtain specific compensation in addition to all other compensation for an injury suffered to his right leg. The second case is a petition by the employer to review a preliminary agreement under which the employee was receiving compensation for total incapacity at the rate of $32 per week.

The two cases were heard together before a trial commissioner who entered decrees denying in the first case the employee's petition for specific additional compensation and reducing in the second case the employee's compensation from total to partial disability at the rate of $22 per week. The causes are before us on the employee's appeals from the decrees of the full commission affirming in each instance the decree of the trial commissioner.

It is undisputed that the employee has not fully recovered from a fracture of the tibia and fibula of his right leg sustained on June 19, 1959 by an accident arising out of and in the course of his employment as a carpenter.

The issue on the employee's petition is whether specific additional compensation may be awarded for a bodily member which has been permanently rendered partially useless. The evidence thereon came from Dr. G. Edward Crane who had been appointed as an impartial medical examiner by the trial commissioner. He testified that the lower right extremity had lost 60 per cent of its usefulness.

The commission relying on the meaning ascribed to the word "useless" by this court in Steele v. Darlington Fabrics Corp., 78 R. I. 272, and Charron v. Liberty Mutual Ins. Co., 93 R. I. 352, 175 A.2d 721, denied the petition. Steele was decided under G. L. 1938, chap. 300, art. II, sec. 12, the pertinent portion of which provided for the payment of a specific benefit: "Where any bodily member or portion

thereof has been *rendered stiff* so as *to be useless * * *."*
(italics ours) The court held that the word "useless" as
used in the governing statute meant completely useless in
the sense that the body with the member attached in its
injured condition would be no better off than if the member
were severed, and specific additional compensation was de-
nied to an employee whose arm, though greatly diminished
from normal in its functional ability, nonetheless retained
a residue of use.

The statute as construed in *Steele* was amended by P. L.
1947, chap. 1941, so as to provide for specific additional
compensation when the injured member had been rendered
"permanently stiff so as to be useless, or permanently use-
less." In *Charron* we held that the legislature had not by
the amendment changed the meaning of the word "useless"
given it in *Steele* and we denied relief to an employee whose
legs had been so impaired by a compensable injury as to
have only a slight percentage of normal use.

Neither *Steele* nor *Charron* controls, however, since the
applicable statute had at the time of the injury here sus-
tained been amended by the addition of the following:

> "provided, however, that if the stiffness or uselessness
> is less than total, then compensation shall be paid for
> such period of weeks in proportion to the period ap-
> plicable in the event that said member or portion there-
> of has been severed completely as the instant percent-
> age of stiffness or uselessness bears to the total stiffness
> or total uselessness of such bodily member or portion
> thereof. The percentage of loss shall be computed to
> the nearest unit of 25%-50%-75% of loss." P. L. 1959,
> chap. 163.

The 1959 amendment provides that a specific benefit shall
be paid if the uselessness is something less than total. That
language is clear and unambiguous and leaves nothing for
interpretation. It must be taken literally and we must con-
clusively presume that the legislature intended what the
language so clearly imports. *Vezina* v. *Bodreau,* 86 R. I.

87, 91; *Weimar* v. *Newman*, 78 R. I. 221, 226; *Blais* v. *Franklin*, 31 R. I. 95, 105. Clearly and explicitly it provides for specific additional compensation where the use of a member has been permanently *diminished* and rendered *partially* useless by virtue of a compensable injury.

To contend as does the employer that notwithstanding the 1959 amendment we should still construe the word "useless" as we did in *Steele* would "render abortive the legislative intention which is so clearly evident from an examination of the old and the amended statute," and "nullify the plain purpose of the legislature in enacting the amendment * * *." *Landry* v. *Cornell Construction Co.*, 87 R. I. 1, 3. This we cannot do.

Viewing the 1959 amendment as he did, the single commissioner made no determination either as to the portion of G. L. 1956, §28-33-19, here applicable or as to the percentage of uselessness of the employee's injured member. In the circumstances the ends of justice will be better served if that cause is remanded for the making of such findings of fact thereon as the commission deems proper upon a reconsideration of the evidence in the instant record in the light of the view we take as to the 1959 amendment.

The only issue briefed and argued on the petition to review is whether there is any legal evidence in support of the trial commissioner's finding as affirmed by the full commission that the employee "is no longer totally incapacitated as a result of the injury set forth and described in the preliminary agreement but does continue to remain partially incapacitated therefrom."

The employee is a member of the House of Representatives who, in order to perform his legislative duties drives his car round trip from Little Compton to Providence on most of the days that the General Assembly meets. In his own opinion he is no longer totally incapacitated, for in response to a question as to his ability to do light work his

answer was, "Well, maybe something sitting down if I'm going to keep at it very long."

The only other evidence on this question came from Dr. Crane. He testified that the employee could not return to work as a carpenter, that from a *medical point of view* he would advise him against doing any work, but that from a *practical point of view* he could engage in certain areas of employment such as clerical work.

The employee contends, as we understand his argument, that the evidence as to his inability to work from a medical point of view necessitated a finding of total incapacity and that the commission in not so finding erred. He relies on *Cornell-Dubilier Electric Corp.* v. *Manocchia*, 79 R. I. 466. There this court held that an employee suffering from an occupational dermatitis was not required to accept an offer of employment from her former employer even though physically able to do the work, since a return to work in that environment "would tend to prevent or retard" her recovery.

In the instant case, Dr. Crane's testimony in summary in his own words was, "That is all I can say. I take two stands on this thing. The medical aspect and the practical aspect." He did not testify that the work believed by him to be within the employee's physical ability to perform from a practical point of view would in any way interfere with or prevent recovery, nor is a conclusion to that effect necessarily inferable therefrom. Absent such testimony or inference *Cornell-Dubilier* does not apply.

Having ruled out the employee's contention that the testimony as to ability to work from a medical point of view controls, we find a conflict in the competent evidence on the question of the extent of the employee's disability. In such circumstances the decision of the commission in favor of the employer on the petition to review will not be disturbed. *Butler* v. *Drake Bakeries, Inc.*, 91 R. I. 429.

In Bowen v. Simmons, the employee's appeal is sustained, the decree appealed from is reversed without prejudice, and the cause is remanded to the workmen's compensation commission for further proceedings in accordance with this opinion.

In Simmons v. Bowen, the employee's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*E. Howland Bowen,* for Edward H. Bowen.

*Boss, Conlan, Keenan, Bulman & Rice, John F. Dolan,* for Colson O. Simmons.