256 A.2d 194.

OPINION TO THE GOVERNOR.

AUGUST 1, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

OPINION of the justices, requested by the Governor, and relating to interest rates applicable to tax anticipation notes and bond anticipation notes.

August 1, 1969

To His Excellency, Frank Licht
  Governor of the State of Rhode Island
    and Providence Plantations

We have received from Your Excellency a request for our written opinion, in accordance with the provisions of section 2 of article XII of amendments to the constitution of this state, upon two questions which relate to the authority of the cities and towns of the state to issue tax anticipation notes pursuant to the provisions of P. L. 1951, chap. 2771, sec. 1, (G. L. 1956, §45-12-4) and bond anticipation

notes pursuant to the provisions of special laws enacted to authorize such cities and towns to issue long-term bonds.

As you note in your letter, in 1960 the legislature enacted P. L. 1960, chap. 30, sec. 1, approved April 4, 1960, amending G. L. 1956, chap. 12 of title 45, by adding thereto a section which reads: "Any provisions of general or special law which limit the rate of interest to be paid on any bonds, or other evidence of indebtedness of a city or town, authorized to issue such bonds or other evidences of indebtedness, are hereby superseded, provided that no bond or other evidence of indebtedness of any city or town shall be issued bearing interest at a rate in excess of six per cent (6%) per annum." We will hereinafter sometimes refer to this legislation as §45-12-16. The legislature at the same time also added §45-12-18, which provides, among other things, that the provisions of §45-12-16 shall not apply "* * * to any issues of bonds or other evidences of indebtedness, except those heretofore authorized by general or special laws."

In submitting the instant questions, Your Excellency advises us that because of an unexpected accelerated rise in interest rates recently experienced, the municipalities of the state have been advised by their respective fiscal agents that their further borrowing needs will have to be financed at rates of interest in excess of the 6 per cent maximum interest for which §45-12-16 provides. You advise us further that in the coming months several local municipalities must sell bond anticipation notes "the issuance of which are authorized by various special laws, and tax anticipation notes, the issuance of which are authorized by P. L. 1951, ch. 2771, §1" enacted in 1951 and now G. L. 1956, §45-12-4.

The first question submitted by Your Excellency asks whether the municipalities, in the issuance of tax anticipation notes as authorized by §45-12-4, are required to comply with the interest limitation of 6 per cent set out in §45-

12-16. The question specifically inquires: "Does the maximum interest rate of six per cent (6%) as enacted by P. L. 1960, ch. 30 §1, [§45-12-16] apply to tax anticipation notes authorized pursuant to P. L. 1951, ch. 2771, §1, [§45-12-4] which are issued by the cities and towns after April 4, 1960?" An examination of the provisions of the pertinent statutes persuades us that the limitation on the rate of interest that may be paid by municipalities on tax anticipation notes set out in §45-12-16 is without application to tax anticipation notes issued by those municipalities after April 4, 1960.

In the first place, §45-12-16 by its terms limits its application only to those general or special laws which contain provisions limiting the rate of interest to be paid on any bonds or other evidence of indebtedness therein authorized to be issued by the cities or towns. Such provisions establishing interest limitations, when contained in the legislation authorizing the issuance of bonds or other evidence of indebtedness, are under §45-12-16 superseded. The interest limitation therein is superseded in order to permit such cities or towns to increase the interest rate of such issuance but not in excess of 6 per cent per annum.

The authority conferred upon cities and towns to hire money for municipal purposes in anticipation of tax income and to issue its notes therefor is contained in §45-12-4. That section contains several limitations upon the power of the municipalities in hiring money in anticipation of taxes, requires certain information to be noted upon the face of the note issued in payment for such money, and the time within which payment must be made. Provisions concerning the sale of such anticipation notes are contained in §45-12-5. According to this section of the legislation, the city or town which has authorized the hiring of money under the provisions of §45-12-4 "* * * may sell the notes or other evidences of the indebtedness so authorized at

public or private sale, or may use the same in payment of its debts." The statute further provides, with respect to the issuance of such notes, as follows: "The denomination, maturity, interest rate, method of sale and other terms, conditions, and details of any note or hiring under the provisions of this chapter may be fixed by the vote or resolution authorizing the same * * *."

It seems clear, then, that the provisions of §§45-12-4 and 45-12-5, which authorize the issuance of tax anticipation notes by the cities and towns, contain no limitation on the rate of interest that may be paid for money hired pursuant thereto. To the contrary, they specifically provide that the interest rate, among other things, is to be fixed primarily in the vote or resolution authorizing the issuance of the notes. We are persuaded then that the limitation on the interest rate provided in §45-12-16 has no application to the interest rate that may be fixed with respect to tax anticipation notes because it is not legislation which limits the rate of interest payable on the evidences of indebtedness therein authorized.

We are buttressed in that conclusion by what we conceive to be the purpose for which the legislature enacted §45-12-16. It is common knowledge that prior to 1957 a number of municipalities had authorized the issuance of bonds and other evidences of indebtedness and, in so doing, had prescribed a rate of interest to be paid for the hiring of such money. Subsequently it developed that the bonds or other evidences of indebtedness lost salability because the interest rate that had been fixed therein by the authorizing legislation was too low to attract any purchasers. In 1957 the legislature enacted P. L. 1957, chap. 4, sec. 1, which for the first time introduced into our statutes what is now §45-12-16.

The purpose for which this was done was to enable those cities and towns to establish a higher rate of interest than

that originally fixed, and to permit such higher rates to be set, the legislature expressly superseded or repealed the prior interest rates that had been fixed for the payment of the money so hired. It seems rather obvious that the legislature, in imposing a limit of 6 per cent on the cities and towns acting pursuant to the supersession provided therein, contemplated this limit as applying only to those bonds and other evidences of indebtedness that had been without salability because of the low interest rate having been fixed.

It is common knowledge also that by 1960 a number of other municipalities had authorized the issuance of bonds and other evidences of indebtedness fixing rates of interest that were too low to insure their salability. In 1960 the legislature again, in order to give relief to these towns and permit them to make their bonds salable, enacted P. L. 1960, chap. 30, sec. 1, which was a precise re-enactment of the 1957 act. There can be no doubt that again the legislature intended to grant relief to those cities and towns that had authorized issuances which were not salable by reason of the interest rates to re-establish a new rate of interest that would make these bonds salable. It is equally without doubt, in our opinion, that the legislative intent was to impose the 6 per cent limit on bonds issued by the towns and cities now re-establishing the new interest rate pursuant to §45-12-16.

We conclude that the maximum interest rate of 6 per cent provided in §45-12-16 is without application to tax anticipation notes issued by cities and towns after April 4, 1960, and we answer the first question in the negative.

In the second question Your Excellency inquires also whether the limitation of 6 per cent on the interest rate applies, either expressly or impliedly, to bond anticipation notes issued after April 4, 1960, under authority of legislation enacted subsequent to that date. Public Laws 1960,

chap. 30, the pertinent legislation, was enacted on April 4, 1960, and it provides explicitly that its terms and restrictions, inclusive of the limitation on interest to a maximum of 6 per cent, shall be inapplicable to "* * * any issues of bonds or other evidences of indebtedness, except those heretofore authorized by general or special laws." Inasmuch as your question relates to evidences of indebtedness issued under subsequent rather than pre-existing enactments, P. L. 1960, chap. 30, by its express terms is inapplicable. We conclude, therefore, that the provisions of P. L. 1960, chap. 30, now G. L. 1956, §45-12-16, have no application to bond anticipation notes authorized in legislation enacted subsequent to April 4, 1960, and we answer the second question in the negative.

THOMAS H. ROBERTS
THOMAS J. PAOLINO
WILLIAM E. POWERS
THOMAS F. KELLEHER

While I agree with the answer the chief justice and my associates have given in response to your second question, I am unable to do likewise with respect to their response to your query concerning the applicability of the 6 per cent interest limitation to tax anticipation notes issued by the cities and towns.

I find no difficulty in discerning the meaning of P. L. 1960, chap. 30, sec. 1 (now §§45-12-16, 45-12-17 and 45-12-18). Its language is free from ambiguity and conveys a definite sensible meaning which neither contradicts nor defeats a manifested or evident legislative purpose. There is, therefore, nothing to be construed, and instead of inquiring into the legislative purpose or the motivations which prompted the legislature to enact chap. 30, I look only to what it said, and I read its enactment literally and follow the clear meaning of its language. *Reardon* v. *Hall,* 104

R. I. 591, 247 A.2d 900; *United Transit Co.* v. *Nunes,* 99 R. I. 501, 209 A.2d 215; *Bowen* v. *Simmons,* 97 R. I. 283, 197 A.2d 275; *Nugent ex rel. Manning* v. *LaFrance,* 91 R. I. 398, 164 A.2d 230.

Thus read, §45-12-16 does two things. First, it supersedes any provisions of general or special laws limiting the rate of interest payable on municipal bonds or other evidences of indebtedness, and then it goes on to provide that "* * * no bond or other evidence of indebtedness of any city or town shall be issued bearing interest at a rate in excess of six per cent (6%) per annum." That is all-embracing unqualified language; it is unambiguous; it needs no construction; its meaning is self-evident; it says simply, directly, and unequivocally that no city or town shall issue any obligation bearing interest at a rate in excess of 6 per cent per annum. That proscription is made applicable by §45-12-18 to any bonds or other evidences of indebtedness the issuance of which was authorized by general or special legislation enacted prior to April 4, 1960. Inasmuch as tax anticipation notes are authorized by a general law enacted in 1951 (G. L. 1956, §45-12-4, as originally enacted by P. L. 1951, chap. 2771, sec. 1), the proscription applies to them. Your first question, in my judgment, therefore, calls for an affirmative answer.

ALFRED H. JOSLIN

*James J. Skeffington* and *Edward D. Feldstein,* Legal Advisors to the Governor.