STATE *vs.* MERRILL T. SISSON.

MAY 18, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CAPOTOSTO, J. This is a petition for a writ of *certiorari* brought by the defendant, who stands indicted for driving a motor vehicle so as to endanger life and limb resulting in death, to review the action of a justice of the superior court, sitting for the county of Kent, denying his motion for a change of venue.

General laws, 1923, chapter 323, secs. 21, 22 and 23 provide that whenever, upon petition by either party to any proceeding civil or criminal, it shall be made to appear "to the satisfaction of the superior court" that, by reason of local prejudice, the petitioner cannot have "a full, fair and impartial trial" in the court for the county where the proceeding shall have been commenced, "the court shall order" the proceeding to be removed for trial to such other county as shall be deemed most equitable and fair for the parties. This statute invests the superior court with judicial discretion to be cautiously exercised in accordance with justice and the law of the land. As no other remedy is expressly provided to bring before us an alleged error in the exercise of such discretion, we will, in a proper case, review the decision of the superior court on *certiorari* for the purpose of

carrying out the revisory and appellate power conferred on this court by the constitution.

On January 20, 1937, the defendant filed a petition for a change of venue setting forth that by reason of local prejudice he cannot have a fair and impartial trial in Kent county. Generally speaking, the allegations upon which the defendant bases this claim are that the facts and circumstances of the offense charged in the indictment against him were repeatedly referred to in the public press and by members of the community in general in connection with certain developments that followed a preliminary hearing in the case; and that this publicity and general comment, together with the inferences that might be drawn therefrom created a prejudice against him throughout the county. The petition further states that the defendant was convicted of the charge in the indictment and that the trial justice granted a new trial on the ground of passion and prejudice.

It appears of record that the defendant was convicted by a jury in Kent county on June 2, 1936; that the defendant filed a motion for a new trial, and that the motion was heard on November 28, 1936. This motion was granted by the trial justice at the conclusion of the hearing, when he said: "I feel this man was tried under conditions that were rather unfairly balanced. I never thought that the defendant did anything deliberate. He has been convicted but I think there was something about the case that was given so much publicity that he was tried four or five times before we got the verdict."

At the hearing on his petition for a change of venue, the defendant introduced in evidence this statement of the justice who presided at the jury trial and a number of affidavits from citizens living in different sections of Kent county supporting the allegations of prejudice in the petition. He also produced witnesses who testified that there was prejudice against the defendant in the county. The state, in opposing the petition, rested its case on the cross-

examination of the witnesses produced by the defendant, on a criticism of the decision granting the defendant a new trial, and on the claim that the removal of the case from Kent county would be a reflection upon the citizens of that county. It introduced no affidavits in its own behalf in contradiction of those presented by the defendant, neither did it offer any witnesses who were willing to testify that, to their knowledge at least, there was no prejudice in the community against the defendant. At the conclusion of this hearing, the court denied the petition and assigned the case to a day certain for trial, whereupon the defendant petitioned this court for a writ of *certiorari*.

Our reading of the decision dismissing the defendant's petition for a change of venue convinces us that the justice who heard the evidence believed that the prayer of the petition should be granted, but that he hesitated to do so through apprehension that such decision by him might be improperly used later as a precedent in similar proceedings. Referring to the testimony of the deponents and of the witnesses that appeared before him, he says: "Evidence is offered here by reputable citizens of this County, that they heard this case discussed, and reflections cast upon Mr. Sisson, and opinions expressed as to the merits of the case, and as to what would be the outcome of the case and what would be the result of that outcome. And that testimony is that it is not the opinion of the particular witness, but a report of the gist of what those witnesses heard other people generally say. From that testimony the Court can find there was prejudice on the part of the people in this County against the defendant, and that were his case to be submitted to those people, there might be some serious question as to whether he would get a fair and impartial trial." In considering the remarks of the justice who granted the defendant a new trial, he says that they cause "the court great concern. He (referring to the trial justice) heard the case, heard all the witnesses, all the testimony, was in the

atmosphere in which that case was tried. Apparently, upon the first opportunity given him to express an opinion as to the case, used the language contained in that transcript."

After other considerations not necessary to mention, the justice denied the petition in the following language: "I feel that to grant this motion would result in the establishment of a precedent, which would make it far too easy for a defendant to select the County in which he is to be tried. I am not satisfied, from the evidence legally, that it has been shown that it is probably impossible to secure a fair and impartial jury to hear this case."

This court, in *Taylor* v. *Gardiner*, 11 R. I. 182, at 183, said that the power conferred upon the court to remove a case from one county to another, "though not lightly to be exercised, ought not to be unreasonably restricted." When the "local prejudice" contemplated by the statute is established by convincing evidence, it is the duty of the court, in the exercise of sound judicial discretion, to order a removal of the case. The statute states the cause for which the venue may be changed. Refraining, as it does, from prescribing what fact or facts shall constitute sufficient cause, it follows that the cause therein stated, namely, local prejudice, must be established by clear evidence which reasonably convinces the court that a fair trial cannot be had in the county in which the case was commenced. In those rare instances in which such prejudice is thus established, the removal of a case from one county to another is essential to the preservation of the right to a fair and impartial trial. The preservation of this right is a matter of general concern and is demanded by justice and the public welfare.

We cannot agree with the state's contention that the removal of a case from one county to another in compliance with the provisions of the statute reflects upon the citizens of the county from which the case is removed. The granting of a petition for a change of venue, duly brought and properly established by reasonably clear and convincing

evidence, involves not the slightest reflection upon the general impartiality of the citizens of the county in which the case was commenced. As the court well said, in *People* v. *Diamond,* 36 Misc. (N. Y.) 71: "Just as the statute itself is no reflection, so the application of it and action under it when the facts warrant, are no reflection upon the community."

Upon due consideration of all the facts and circumstances disclosed by the record before us, and especially in the absence of all proof contradicting the defendant's evidence of local prejudice, our conclusion is that the prayer of the defendant's petition for a change of venue should have been granted.

The record of the superior court of January 29, 1937, denying the defendant's petition for a change in venue is hereby quashed, and the case, together with all papers and exhibits, is remitted to the superior court for further proceedings.

*John P. Hartigan, Attorney General, Michael De Ciantis, 3rd Asst. Atty. Gen.,* for State.

*Alfred H. O. Boudreau,* for defendant.