381 A.2d 1039.

ARAM K. BERBERIAN *vs.* TOWN OF WESTERLY *et al..*

JANUARY 6, 1978.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J.    This is a civil action for assault, battery and false arrest brought by the plaintiff, Aram K. Berberian, against several named defendants. The case was tried in Superior Court before a trial justice sitting with a jury. Directed verdicts were entered in favor of all defendants except Michael Johnson, Sr. A directed verdict was granted in favor of the plaintiff against Johnson on the issue of liability. The jury returned an award of $1 plus interest and costs for the plaintiff. The plaintiff appeals.

Two issues are presented before us on appeal. First, plaintiff alleges that a justice of the Superior Court improperly transferred the case from Providence County to Washington County. Second, plaintiff alleges that the trial justice improperly excluded certain evidence on the issue of malice.

On September 5, 1971, plaintiff was a passenger in an automobile operated by one Donald Brant. Brant drove the vehicle into a parking lot in Westerly and paid his parking fee. As the occupants were leaving the car, a dispute arose between Brant, plaintiff, and a parking lot attendant over the fact that Brant had parked his automobile in a fire lane. The parking attendant approached plaintiff and requested that he move the car. The plaintiff answered, "I refuse." Subsequently, as Brant, plaintiff, and two companions started to leave the parking area without moving the vehicle from the fire lane, Officers Carboni and Johnson of the Westerly Police Department arrived. After being advised of the dispute, defendant Johnson asked plaintiff for his identification. The plaintiff refused, whereupon an altercation ensued. The plaintiff was arrested, handcuffed and taken to the police station. He was subsequently released without charges being filed when his identity was ascertained from information contained in his wallet.

The plaintiff filed suit for assault, battery and false arrest against Eugene F. Gervasini, Director of Public Safety for the Town of Westerly; Anthony C. Algiere, Chief of Police for the Town of Westerly; Officers Carl Carboni and Michael Johnson, Sr., of the Westerly Police Department; and Charles H. and Julia H. Trefes, owners and operators of the parking lot in question. The town of Westerly was also named as a defendant but was not served with process and did not participate in the action. It also appears from the record that no service was made upon defendant Julia Trefes, and no appearance was entered in her behalf.

Verdicts were directed in favor of defendants Gervasini, Algiere, Carboni and Charles Trefes. The plaintiff appealed only the directed verdict in favor of defendant Trefes, but that appeal was subsequently dismissed by agreement of the parties. The only remaining defendant on appeal is Michael Johnson, Sr.

The plaintiff's first argument on appeal is that the case was improperly transferred from Providence County to

Washington County, where the action was untimately tried. The complaint was filed by plaintiff in Providence County Superior Court on October 1, 1971. A motion for change of venue was subsequently filed by defendants Gervasini, Algiere, Carboni and Johnson. That motion was granted by a justice of the Superior Court over plaintiff's objection on November 23, 1971, and on December 6, 1971, an order was entered in Superior Court granting defendants' motion for a change of venue. The defendants alleged, and the justice who heard the motion found, that the action constituted a suit against a municipal corporation. In so ruling he found that G.L. 1956 (1969 Reenactment) §9-4-4 controlled, and pursuant to the discretion granted to the Superior Court under §9-4-6, transferred the action to Washington County. The defendants also alleged, and the justice found, that the town of Westerly would be put to a large and unreasonable expense and that it would be deprived of the services of defendants for an unreasonable length of time were the action to be tried in Providence County.

Our statutes provide two methods by which venue may be transferred, §§8-2-29 and 9-4-6. In order to change venue pursuant to §8-2-29, a showing is required that defendants would be denied a "full, fair and impartial trial." *See State v. Sisson,* 58 R.I. 200, 192 A. 209 (1937). No showing of prejudice having been made by defendant Johnson, §8-2-29 provided no basis for the granting of the motion to change the venue of this action to Washington County.

Section 9-4-6 permits a justice, in his discretion, to transfer civil actions to the proper county when such actions are brought in the "wrong county" pursuant to §9-4-3 et seq.

The plaintiff argues that this action was brought pursuant to §9-4-3. That section permits a civil action between individuals, which does not concern realty, to be brought in any county "in which some one of the plaintiffs or defendants shall dwell * * * ." The plaintiff testified without con-

tradiction that he maintained a residence in Cranston, which is located in Providence County. The plaintiff asserts, therefore, that he properly filed his action in the Superior Court for Providence County.

The defendant maintains that this action constituted a suit against the town of Westerly, a municipal corporation, and as such had to be brought pursuant to §9-4-4. The town of Westerly, although a named defendant originally, was never served with process and did not appear to defend the action. The defendant, however, argues that the town of Westerly was sued through its representatives and could have entered an appearance at its election as a party defendant.

We find no merit in defendant's contention. The town of Westerly was not served with process, *see* Super. R. Civ. P. 4(d)(5), and did not appear to defend against this action. Hence, it was not a party in this case. In any event, the language of §9-4-4 clearly indicates that defendant could not prevail were we to agree with his argument that this action was a suit against a municipal corporation. Section 9-4-4 permits an action to be filed "by or against corporations * * * in the court for the county * * * in which the other party or some one of the other parties dwell, or in the court for the county * * * in which the defendant or some one of the defendants shall be found, or in which the corporation is located by its charter * * * ." The language of this statute is free of ambiguity and conveys a definite and sensible meaning which does not contradict an evident legislative purpose. We must, therefore, give literal effect to its terms. *Reardon* v. *Hall*, 104 R.I. 591, 247 A.2d 900 (1968). The language of the statute clearly permits a plaintiff to file suit against a corporation in the county wherein the plaintiff resides.

We hold that plaintiff properly brought this action in Providence County pursuant to §9-4-3. As venue was proper, §9-4-6 did not provide any basis upon which the justice could have transferred this action to Washington County.

Under §9-4-6, the action must have been brought improperly in order to vest a trial court with discretion to transfer. Therefore, the justice below erred in transferring this case to Washington County.

Having decided that the action was erroneously transferred, we need not reach the plaintiff's other exception.

The plaintiff's appeal is sustained, and the case is remanded to the Superior Court for Providence County for a new trial on the issues of liability and damages against the defendant Michael Johnson, Sr.

Mr. Justice Paolino participated in the decision but retired prior to its announcement.

*J. Ronald Fishbein* for plaintiff.

*John J. Turano* for defendant Michael Johnson, Sr.

## APPENDIX A

Section 9-4-2 regulates venue in all civil actions concerning realty as follows:

§9-4-2.   Venue of actions involving realty. — All civil actions which concern the realty * * * shall, if brought in the superior court, be brought in the court, for the county * * * where the land lies * * * .

Section 9-4-3 regulates venue for all other civil actions where corporations are not involved as parties as follows:

§9-4-3.   Venue based on residence of parties. — All other actions and suits, if brought in the superior court, shall be brought in the court for the county * * * in which some one of the plaintiffs or defendants shall dwell, or * * * in which the defendant or some one of the defendants shall be found; and if no one of the plaintiffs or defendants shall dwell in the state, such action, if brought in the superior court, may be brought in the court for any county * * * .

Section 9-4-4 regulates venue for all civil actions brought by or against corporations as follows:

§9-4-4.   Venue in personal or transitory actions involving cor-

porations. — Personal or transitory actions and suits brought by or against corporations, if brought in the superior court, shall be brought in the court for the county * * * in which the other party or some one of the other parties dwell, or * * * in which the defendant or some one of the defendants shall be found, or in which the corporation is located by its charter * * * .

Section 9-4-6 provides for dismissal of actions for improper venue as follows:

§9-4-6.    Dismissal for improper venue — Transfer. — Except as otherwise provided herein, all actions and suits brought contrary to the provisions of §9-4-2 shall be dismissed, and any contrary to §§9-4-3 to 9-4-5, inclusive, may be dismissed. In lieu of dismissal, any civil action brought in the wrong county, if brought in the superior court * * * may, in the discretion of the court, be transferred to a proper county * * * .

Section 8-2-29 provides a procedure for changing venue under certain circumstances as follows:

§8-2-29.    Grounds for change of venue. — Whenever it shall be made to appear to the satisfaction of the superior court * * * that by reason of local prejudice or other cause the parties to such action or proceeding, or either of them, cannot have a full, fair and impartial trial in the court for the county where the same shall have been commenced or shall be pending, the court shall order such cause to be removed for trial to such other county as shall be deemed most fair and equitable for the parties.