383 A.2d 597.

## Harry Dutson *vs.* Nationwide Mutual Insurance Company.

### MARCH 15, 1978.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J.   This is a plaintiff's appeal from an order of the Superior Court granting the defendant's motion to dismiss the plaintiff's complaint because it failed to state a claim upon which relief could be granted.

The plaintiff, Harry Dutson, is Nationwide's insured. He is suing on his own behalf and on behalf of his son, Peter, who is also insured under Nationwide's policy. Peter was injured when a motor bike he was operating collided with another motor bike operated by Michael Peloso. The bike Peter was driving was owned by his brother, Robert. Robert and Peter both lived in their parents' home.

The plaintiff filed a claim with defendant, in which he sought both uninsured motorist and medical payment

benefits. Later, when defendant rejected the claim, plaintiff made a demand that the uninsured motorist question be arbitrated. After an arbitrator was appointed, a hearing was held. The main bone of contention between the parties was the validity of a policy exclusion that precluded recovery under Nationwide's uninsured motorist coverage for injuries sustained while the insured was occupying a motor vehicle (other than the one named in the policy) which was owned by a relative who resided in the insured's household. The arbitrator, in ruling in favor of Nationwide, noted that Rhode Island courts had not ruled on the validity of this exclusion[1] but said that in the face of the plain language of the exclusion, he was unwilling to declare it unenforceable.

Following the receipt of the arbitrator's decision, plaintiff filed a three-count complaint in the Superior Court against Nationwide. In Count I he alluded to the arbitrator's decision, a copy of which was attached to the complaint, and expressed an intent to appeal the decision of the arbitrator pursuant to the applicable statutory provisions. An examination of this count makes it clear that plaintiff believed that the arbitrator had failed to resolve the issues presented to him and requested the Superior Court "to resolve the issue not resolved by the Arbitrator and request the same, upon completion, be remanded to said Arbitrator for decision." In Count II plaintiff seeks reimbursement under the medical payments provisions of the policy, and Count III alleges that Nationwide "maliciously and/or negligently" refused to defend Harry Dutson in a civil action involving Michael Peloso. The ad damnum portion of the complaint seeks damages of $50,000.

The sole function of a Super. R. Civ. P. 12(b)(6) motion to dismiss a complaint for failure to state a claim upon which relief can be granted is to test the sufficiency of the

---

[1]The validity of this exclusion has been upheld by this court in *Employers' Fire Insurance Co. v. Baker*, No. 76-156-A (R.I., filed March 2, 1978).

804

complaint. *Pallazzo* v. *Big G Supermarkets, Inc.*, 110 R.I. 242, 292 A.2d 235 (1972). Such a motion should not be granted unless it appears beyond a reasonable doubt that the plaintiff would not be entitled to any relief no matter what state of facts could be proved in support of his claim. *Goldstein* v. *Rhode Island Hospital Trust National Bank*, 110 R.I. 580, 296 A.2d 112 (1972). In making such a determination, the trial justice is bound to resolve all doubts in the plaintiff's favor and accept all his allegations as true. *Noble Co.* v. *Mack Financial Corp.*, 107 R.I. 12, 264 A.2d 325 (1970); *Warren Education Association* v. *Lapan*, 103 R.I. 163, 235 A.2d 866 (1967); *Bragg* v. *Warwick Shoppers World, Inc.*, 102 R.I. 8, 227 A.2d 582 (1967).

In dismissing plaintiff's complaint, the trial justice stated that plaintiff's remedy "is limited to a motion to vacate." The court then concluded that plaintiff had failed to pursue such a remedy within the period mandated by G.L. 1956 (1969 Reenactment) chapter 3 of title 10, the Rhode Island Arbitration Act, and dismissed the entire complaint without further comment. In taking this action, the trial justice completely overlooked the medical payment and refusal to defend counts of the complaint. Nothing in the record suggests that either of these issues was submitted to or considered by the arbitrator. Furthermore, nothing in the record certified to us suggests that the insured was bound to submit all issues to the arbitrator once arbitration was agreed upon.[2] Both counts contain sufficient allegations so that each states a claim upon which relief can be granted. *See Employers' Fire Insurance Co.* v. *Beals*, 103 R.I. 623, 240 A.2d 397 (1968).

---

[2]The record does not contain a copy of the entire insurance policy. However, the plaintiff has alleged in a memorandum filed with the Superior Court that there was no provision for arbitration of disputes concerning the medical payments endorsement and the insurer's obligation to defend a cause of action against the insured. Attached to the memorandum submitted by Nationwide to the trial justice in support of its motion to dismiss was a copy of a letter sent by the Tribunal Administrator of the American Arbitration Association in which it states that the arbitration demand arose from the "Uninsured Motorist Endorsement."

At first glance, Count I appears to be seeking an appeal or review of the arbitrator's decision, something which neither the Superior Court nor this court has the authority to do. *Loretta Realty Corp.* v. *Massachusetts Bonding & Insurance Co.*, 83 R.I. 221, 114 A.2d 846 (1955). The whole purpose of arbitration is to provide an alternative procedure whereby two or more parties can finally resolve their differences in an expeditious and economical proceeding. *Gaer Brothers* v. *Mott*, 144 Conn. 303, 130 A.2d 804 (1957); *McRae* v. *Superior Court*, 221 Cal. App. 2d 166, 34 Cal. Rptr. 346 (1963). Although the Arbitration Act contains no provision for an appeal, it does authorize the Superior Court to modify or vacate an award under certain circumstances. The award is subject to being modified if it contains an "evident material miscalculation," if the arbitrators decided matters which had not been submitted to them, or if the award is "imperfect in matter of form not affecting the merits of the controversy." Section 10-3-14. An award may be vacated where it was procured by corruption or fraud, where there was evident partiality, corruption or misconduct on the part of the arbitrators, or where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award was not made. Section 10-3-12.

As noted earlier, plaintiff's complaint alleged that the arbitrator felt that he did not have the authority to resolve all the issues and disputes of the parties and stated that the appeal was filed "pursuant to the applicable statutory provisions." In a memorandum filed with the Superior Court in opposition to the motion to dismiss, plaintiff specifically referred to §§10-3-12(d), 10-3-13, and 10-3-14(c) as the statutes upon which his "appeal" was based. While plaintiff's complaint is somewhat inartfully drafted, it was sufficient to state a claim upon which relief can be granted. A dismissal under Rule 12(b)(6) is to be granted only in the unusual instance in which a plaintiff includes allegations which show on the face of the complaint that there is some insuperable bar to relief. *Goldstein* v. *Rhode Island*

*Hospital Trust National Bank,* 110 R.I. 580, 296 A.2d 112 (1972).

In considering the complaint in the light most favorable to the plaintiff and resolving all doubts in his favor, the plaintiff appears to be saying that the arbitrator's reluctance to resolve the legality of Nationwide's exclusion constituted a failure on the part of the arbitrator to make a "final and definite award."[3] Such a failure, if true, would be grounds for vacating the award. The first count seeks such relief and, we might add, the request for such relief was timely filed in the Superior Court because the complaint indicates that it was filed on March 15, 1976, the last day of the 3-month period[4] during which an application to the Superior Court must be made.

The plaintiff's appeal is sustained, and the case is remanded to the Superior Court for further proceedings.

Mr. Justice Paolino participated in the decision but retired prior to its announcement.

*James J. McGair,* for plaintiff.

*John G. Carroll, Robert K. Pirraglia,* for respondent.

---

[3] The plaintiff's concern about the arbitrator's alleged failure to resolve all the issues involved with the uninsured motorist provisions brings to mind the diversity of opinion that presently exists as to just what uninsured motorist issues are arbitrable. In a number of jurisdictions it has been held that all issues are subject to arbitration, including the issue of coverage. Other jurisdictions take the view that only the uninsured's liability and the amount of damages come within the scope of the arbitration proviso. All facets of this question are set forth and discussed in 29 A.L.R.3d 321 (1970).

[4] In her decision dismissing the complaint, the trial justice observed that the plaintiff's remedy was limited to a motion to vacate and that, according to §10-3-15, such a motion must be filed within 3 months of the filing or delivery of the arbitrator's award. At no time in its motion did Nationwide challenge the timeliness of the plaintiff's seeking relief in the Superior Court. Its objection was based on its claim that the suit was "simply an attempt by the plaintiff to appeal an arbitrator's award." The trial justice's reference to the 3-month limitation casts some doubt as to the extent of her holding, and it is for this reason we would point out that the complaint indicates that, so far as the first count is concerned, the complaint was filed in compliance with the 3-month period specified in §10-3-15.