409 A.2d 136.

CARDI CORPORATION *vs.* CITY OF WARWICK, *et al.*

DECEMBER 17, 1979.

PRESENT: Bevilacqua, C.J., Kelleher, Doris and Weisberger, JJ.

KELLEHER, J.   The plaintiff, Cardi Corporation (Cardi), appeals from a Superior Court justice's dismissal of its complaint in which it sought an order compelling the defendant municipality (Warwick) to arbitrate a dispute arising from Cardi's installation of storm sewers and drains in and along a city street otherwise identified as Tidewater Drive.

In seeking the arbitration order, Cardi relies upon the pertinent provisions of the Public Works Arbitration Act, G.L. 1956 (1977 Reenactment) chapter 16 of title 37. Section 37-16-2 requires the arbitration of disputes and claims arising out of contracts carrying a price tag in excess of $10,000 when the contract relates to "construction, alteration, repair, or painting of any public building." The trial justice's dismissal was apparently based on his belief that a "public building" does not encompass within its terms a project calling for the installation of sewers. Cardi argues that, instead of sharing the trial justice's "edifice" fixation, we should indulge in a grammatical tour de force and regard the

term "building" as a gerund rather than as a noun. Warwick appreciates Cardi's knowledge of the niceties of our language but asks us, when was the last time we heard of anyone who was hired to paint a sewer project.

While the General Assembly may have painted with a broader brush when it legislated in certain areas of public works contracts entered into by the state and its political subdivisions,[1] our job is to construe chapter 16, not to redraft it. The municipal public works arbitration provisions are free of any ambiguity and convey a definite, sensible meaning. Because the statute is self-declaratory, there is no need to construe it. *Vaudreuil v. Nelson Engineering and Construction Co.,* 121 R.I. 418, 399 A.2d 1220 (1979); *Berberian v. Town of Westerly,* 119 R.I. 593, 381 A.2d 1039 (1978); *Brier Mfg. Co. v. Norberg,* 119 R.I.317, 377 A.2d 345 (1977). It is obvious that if the change sought by Cardi is to be effected, the change must take place within a legislative rather than a judicial setting.

The plaintiff's appeal is denied and dismissed, and the order appealed from is affirmed.

*Adler Pollock & Sheehan Incorporated, Peter Lawson Kennedy,* for plaintiff.

*Frank J. Cenerini,* Assistant City Solicitor (City of Warwick), for defendant.

---

[1]General Laws 1956 (1977 Reenactment) chapter 13 of title 37 deals with the wages and debts that may be owed by a public works contractor as the result of having a bid accepted by the state or one of its municipalities. "Public works" is defined in this chapter as "any public work consisting of grading, clearing, demolition, improvement, completion, repair, alteration or construction of any public road or any bridge, or portion thereof, or any public building or portion thereof, or any heavy construction, or any public works projects of any nature or kind whatsoever." Interestingly enough, the General Assembly at its January 1978 session enacted what is today §37-13.1-1, which in its pertinent parts permits suits by contractors against the state for controversies involving "the design, construction, repair, or alteration of any state highway, bridge, *or public works other than those contracts which are covered by the Rhode Island public works arbitration act* * * *." (Emphasis added.)