[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on the defendant Tavares Pediatric Center's Inc. motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. For the reasons which follow herein the Court grants the defendant's motion.
Factual Background
On March 21, 1983, Wanda Albernaz (the plaintiff) was employed as a licensed practical nurse by the Tavares Pediatric Center (the defendant). As part of her responsibilities, the plaintiff was required to administer respiratory therapy to patients who attended the Center. In August of 1988, the plaintiff became concerned that she possibly lacked the proper training and experience to perform respiratory therapy. Prompted by this concern, the plaintiff contacted the Rhode Island Department of Health to inquire as to whether she was possibly violating the provisions of a state or federal law. Subsequently, the Department of Health conducted an investigation into the defendant's activities. Shortly after the Department of Health completed their investigation, the plaintiff was dismissed from her position at the Tavares Pediatric Center.
On May 7, 1991, the plaintiff filed a complaint with this court alleging that the defendant violated the provisions of R.I. Gen. Laws § 36-15-1 et seq. also known as the "Rhode Island Whistleblowers Protection Act." Specifically, the plaintiff claims that her discharge by the defendant was in retaliation for her inquiry with the Department of Health. Therefore, the plaintiff claims that she is entitled to damages pursuant to § 36-15-4 for the injuries she sustained as a result of the retaliatory discharge by the defendant.
In contrast, the defendant claims that the "Whistleblowers Protection Act" created a very narrow class of employers who are subject to its provisions. In particular, the defendant claims that because they are a private corporation a suit for damages cannot be instituted against them pursuant to the "Whistleblowers Protection Act," even for a retaliatory discharge. In support of their position the defendant points to § 36-15-2(2) which defines an employer as follows:
 "Employer" means any department, agency, commission, committee, board, council, bureau, or authority or any subdivision thereof state or municipal government.
At the outset the court notes that a dismissal of a cause of action under Rule 12(b)(6) is a harsh remedy and is proper only where plaintiff is not entitled to relief under any conceivable set of facts that might be proved in support of his claim.Salvadore v. Major Electric Supply, Inc., 469 A.2d 353, 357 (R.I. 1983); Bragg v. Warwick Shoppers World, Inc., 102 R.I. 8, 12, 227 A.2d 582, 584 (1967). In testing the sufficiency of a plaintiff's cause of action all allegations are taken as true and all doubts are resolved in the plaintiff's favor. Dutson v.Nationwide Mutual Insurance Co., 119 R.I. 801, 803-804,383 A.2d 597, 599 (1978). Only where it appears beyond a reasonable doubt that the plaintiff is not entitled to relief should a Rule 12(b)(6) motion be granted. Id.
The general rules of statutory construction state that the court must give the words of a statute their plain and ordinary meaning. Roadway Express Inc. v. Rhode Island Commission forHuman Rights, 416 A.2d 673 (R.I. 1980). The words shall be applied literally if the statutory language is clear and unambiguous and conveys a definite and sensible meaning that does not contradict a clear legislative purpose. Rhode Island Chamberof Commerce v. Hackett, 411 A.2d 300 (R.I. 1980); Berberian v.Town of Westerly, 119 R.I. 593, 381 A.2d 1039 (1978).
Section 36-15-3 prohibits an employer from discharging an employee because the employee either reports to a public body a violation of the law, or because an employee is requested by a public body to participate in an investigation of the employer for potential violations of the law. However, a review of § 36-15-2(c) reflects that the legislature was only speaking to governmental bodies when it defined employer within the act. Therefore, only those employers who are governmental bodies are constrained by the mandates of the "Whistleblowers Protection Act." The language of this statute is free of ambiguity and conveys a definite and sensible meaning which does not contradict an evident legislative purpose. The Court must therefore give literal effect to its terms. Reardon v. Hall, 104 R.I. 591,247 A.2d 900 (1968).
Accordingly, this Court finds that the defendant, which is a private corporation, does not fall within the statutory definition of employer within the "Whistleblowers Protection Act." Consequently, the plaintiff's complaint for damages pursuant to the act must be dismissed because it fails to set forth the elements of a claim upon which relief can be granted. Counsel are directed to prepare an order in conformity with this decision.