[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court on defendants' W.A. Capuano and Aetna Casualty Surety Co. (hereinafter Aetna), motion to dismiss for failure to state a claim pursuant to Super. Ct. R. Civ. P. 12(b)(6).
Since January 22, 1969, Aetna has insured County Loan 
Finance Corp. and its successor, Heritage Loan Investment Company ("Heritage"), with a small loan companies blanket bond ("bond"). The bond insures, inter alia, against loss or damage caused by the fraud and/or dishonest acts of the employees, directors and officers of Heritage.
On February 24, 1988, Aetna gave notice to Heritage of Aetna's intention to cancel the bond effective March 28, 1988. During the months of February and March 1988, W.A. Capuano was the authorized agent of Aetna, through whom the bonds were regularly renewed.
On December 7, 1990 the Superior Court (Krause, J.) appointed Maurice C. Paradis ("plaintiff") as the receiver for Heritage. In his capacity as receiver for Heritage and as Director of the Department of Business Regulation ("DBR") for the state of Rhode Island, the plaintiff filed a three-count complaint against the defendants. Count I was against Aetna Casualty Surety Company; Count II was against W.A. Capuano; and Count III named Midland Insurance. The complaint alleged that the defendants' negligence led the depositors of Heritage to suffer damages in excess of $10,000. The plaintiff seeks judgment against defendants in an amount greater than $10,000 plus interest and costs.
Pursuant to Rule 12(b)(6), Aetna filed a motion to dismiss Count I of plaintiff's complaint on May 22, 1991, and W.A. Capuano, Inc. filed a motion to dismiss Count II on July 8, 1991. On July 15, 1991, the plaintiff filed an objection to defendants' motions to dismiss.
The sole function of a motion to dismiss is to test the sufficiency of the complaint. Ryan v. Rhode Island Department ofTransportation, 420 A.2d 841, 842 (R.I. 1980); Dutson v.Nationwide Mutual Insurance Co., 119 R.I. 801, 803-04,383 A.2d 597, 599 (1978). When ruling on a Rule 12(b)(6) motion, the court must look no further than the complaint, assume that all allegations of fact in the complaint are true, and resolve any doubts in the plaintiff's favor. Rhode Island Affiliate,American Civil Liberties Union, Inc. v. Bernasconi,557 A.2d 1232 (R.I. 1989). "The motion to dismiss may then be granted only if it appears beyond a reasonable doubt that a plaintiff would not be entitled to relief under any conceivable set of facts . . ." City of Warwick v. Aptt, 497 A.2d 721, 723 (R.I. 1985) (quoting Ryan, 420 A.2d at 843).
It is well-settled that in order to prove negligence the plaintiff must establish, inter alia, that the defendant(s) owed him a duty of care. DiCenzo v. Ruscetta, 510 A.2d 417 (R.I. 1986); Montuori v. Narragansett Electric Co., 418 A.2d 5, 9 (R.I. 1980). In the present case, the plaintiff argues that R.I.G.L. § 19-5-23 imposes a statutory duty upon Aetna and Capuano to notify the director of DBR upon the revocation of an insurance bond. The defendants claim that R.I.G.L. § 19-5-23
imposes no such duty.
R.I.G.L. § 19-5-23 (1989 Reenactment) states in pertinent part:
 The Director of Business Regulation shall be notified of any change in the bond thereafter made or any revocation of the bond within ten (10) business days of such change or revocation by the responsible officer of the bank, trust company, savings bank, loan and investment company, building-loan association or credit union as designated by the trustees or board of directors of the institution. (Emphasis supplied).
Rhode Island courts hold that "when a statute has a plain, clear and unambiguous meaning, no interpretation of the statute is required and the court is bound to construe the statute in accordance with the complaint and ordinary meaning set forth therein." Krupa v. Murray, 557 A.2d 868, 869 (R.I. 1989); seealso O'Neil v. Code Commission for Occupational Safety Health, 534 A.2d 606, 609 (R.I. 1987). Thus, "[w]ords in a statute are accorded their plain and ordinary meaning unless a contrary intent appears on the face of the statute." RoadwayExpress, Inc. v. Rhode Island Commission for Human Rights,416 A.2d 673, 674 (R.I. 1980).
Here, § 19-5-23 places the duty to inform the director of DBR of any bond revocation upon Heritage and its agents. The language of the statute clearly requires that DBR be notified of any revocation in the bond by the responsible officer of the savings and loan — Therefore, Heritage should have notified DBR.
The plaintiff further directs the court's attention to R.I.G.L. § 28-36-12 (1986 Reenactment) to argue that in other instances when insurance is terminated, notice to a third party is required. § 28-36-12 states that upon cancellation or failure to renew, the insurance company shall notify the director. By its language, § 28-36-12 specifically places the burden of notifying the director upon the insurer. If the legislature's intent in enacting § 19-5-23 was to require the insurer to inform DBR of a surety bond revocation then the legislature would have explicitly stated so, as in § 28-36-12.
Moreover, the plaintiff argues that because § 19-5-23 states that termination of a surety bond is not effective until DBR is given notice, the statute should be construed to force the insurer to give notice to DBR. This court, however, believes the phrase merely emphasizes the importance of the statutory requirement that Heritage and its agents notify DBR of any bond surety guaranty revocation. Had the legislature intended the insurer to notify DBR, it would have clearly drafted § 19-5-23 to reflect its intention as it did in § 28-36-12.
Accordingly, this court finds that neither Aetna nor W.A. Capuano owed any duty to notify DBR of the termination of Heritage's insurance policy. Without such a duty there can be no negligence. Therefore, counts I and II of the plaintiff's complaint alleging negligence against Aetna and Capuano are dismissed.
Counsel shall prepare an order to reflect the above disposition.