**HART SURGICAL, INC.**

v.

**ULTRACISION, INC., and Ethicon Endo–Surgery, Inc.**

**C.A. No. 97–594–T.**

United States District Court,
D. Rhode Island.

April 25, 2000.

Thomas A. Lynch, Lynch & Greenfield, Providence, RI, Michael J. Tuteur, Epstein, Becker & Green, P.C., Boston, MA, for plaintiff.

John H. Blish, Blish & Cavanagh, Providence, RI, Richard A. Ripley, Margaret M. Zwisler, Howrey & Simon, Washington, DC, for defendants.

## MEMORANDUM AND ORDER

TORRES, Chief Judge.

UltraCision, Inc. and Ethicon Endo–Surgery, Inc. ("UltraCision") brought this action pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 et seq., and the Rhode Island Arbitration Act (the "RIAA"), R.I.G.L. § 10–3–1 et seq., which they have styled as a Motion to Vacate Portions of Arbitration Award. The "award" in question found UltraCision liable for wrongfully terminating a contract between UltraCision and Hart Surgical, Inc. ("Hart").

On September 27, 1999, this Court issued an Order for UltraCision to show cause why its motion to vacate should not be dismissed without prejudice on the ground that the arbitrators' "award" with respect to liability, is not a final award that is appealable within the meaning of the Federal Arbitration Act, 9 U.S.C. § 10(d).

Because UltraCision has failed to show cause; and, because I find that the arbitrators' decision with respect to liability alone is not an appealable final award, UltraCision's motion to vacate the arbitrators' award is denied and this case is dismissed without prejudice.

### Background

In 1993, Hart and UltraCision entered into an agreement under which Hart became the exclusive Canadian distributor for endoscopic surgery devices made by UltraCision, and UltraCision was required to purchase a minimum number of those devices each year. UltraCision alleges that, in 1995, Hart failed to purchase the required number of devices; and, therefore, UltraCision terminated the agreement. Hart contends that UltraCision breached the agreement by wrongfully terminating it.

Hart initiated arbitration of the dispute pursuant to an arbitration clause in the agreement. The parties agreed to arbitrate liability, first, and to arbitrate damages only if the arbitrators found that UltraCision had breached the agreement.

On August 19, 1997, the arbitrators made an "award" finding UltraCision liable for wrongfully terminating the agreement, and the parties began discovery for the damages phase of the arbitration.

On October 20, 1997, UltraCision filed its "motion to vacate" that "award". However, since the parties anticipated that the damages stage of the arbitration would be completed by the Spring of 1998, and that it could facilitate a settlement of the dispute, they agreed that the matter should be stayed in order to avoid the unnecessary expenditure of time and effort.

This Court granted several stays; but, when it became apparent that the damages stage of the arbitration had stalled, this Court issued an Order requiring UltraCision to show cause why the case should not be dismissed without prejudice on the ground that the arbitrators' decision with respect to liability is not an appealable final award under the Federal Arbitration Act, 9 U.S.C. §§ 1–14.

UltraCision responded by filing a memorandum in which it argues that the agreement of the parties determines what constitutes a final award; and, here, the parties agreed to arbitrate the issue of liability. Hart concedes that the Court has broad discretion to either hear the appeal now, or dismiss the appeal, but urges the Court to decide whether the liability "award" should be vacated.

### Discussion

I. *The "Finality" Requirement*

UltraCision's "motion to vacate" the arbitrators' award is based on section 10(d) of the Federal Arbitration Act, which empowers a district court to:

> make an order vacating the *award* upon the application of any party to the arbitration;
>
> (d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite

award upon the subject matter submitted was not made.

(emphasis added).

■ This provision confers jurisdiction on the district court only when the arbitrators have made a "final" award. Thus, "[i]t is essential for the district court's jurisdiction that the arbitrator's decision was final, not interlocutory." *El Mundo Broadcasting Corp. v. United Steelworkers of America, AFL–CIO CLC,* 116 F.3d 7, 9 (1st Cir.1997).

The requirement of finality is rooted both in the policy of encouraging parties to resolve their disputes through arbitration and the desire to avoid the needless expenditure of judicial resources. Courts have recognized that arbitration provides an expeditious and relatively inexpensive method of resolving disputes. *See, e.g., Fradella v. Petricca,* 183 F.3d 17, 19(1st Cir. 1999)("The primary purpose served by the arbitration process is expeditious dispute resolution."); *Diapulse Corp. v. Carba Ltd.,* 626 F.2d 1108 (2d Cir.1980)(arbitration provides quick and efficient resolution of disputes, thereby reducing costly litigation and delay to both the parties and the courts); *Dutson v. Nationwide Mutual Insurance Co.,* 119 R.I. 801, 383 A.2d 597, 599 (1978)("The whole purpose of arbitration is to provide an alternative procedure whereby two or more parties can finally resolve their differences in an expeditious and economical proceeding."). Recognition that arbitration is a preferred method of resolving disputes is implicit in statutory provisions that make agreements to arbitrate binding on the parties, *see* 9 U.S.C. § 4, and that require litigation to be stayed pending completion of arbitration. *See* 9 U.S.C. § 3.

Courts have also recognized that permitting appeals from interlocutory decisions made during the arbitration process would defeat the purpose of arbitration and would waste judicial resources. *Michaels v. Mariform Shipping, S.A.,* 624 F.2d 411, 414 (2d Cir.1980)("a district court should not hold itself open as an appellate tribunal during an ongoing arbitration proceeding, since applications for interlocutory relief result only in a waste of time, the interruption of the arbitration proceeding, and ... delaying tactics in a proceeding that is supposed to produce a speedy decision.")(internal quotations omitted). Moreover, judicial review of rulings made before a dispute has been fully arbitrated would cast a district court in the role of rendering advisory opinions on issues that might become moot if the arbitration were allowed to proceed to its conclusion.

## II. *Determining Finality*

■ An arbitrator's decision, however labeled, is not a "final" award within the meaning of section 10(d) unless it "resolve[s] all issues submitted to arbitration, and determine[s] each issue fully so that no further litigation is necessary to finalize the obligations of the parties under the award." *Bull HN Information Systems Inc. v. Hutson,* 983 F.Supp. 284, 289(D.Mass.1997), *quoting Puerto Rico Maritime Shipping v. Star Lines, Ltd.,* 454 F.Supp. 368, 372 (S.D.N.Y.1978). *See Fradella v. Petricca,* 183 F.3d 17, 19 (1st Cir.1999)("[n]ormally, an arbitral award is deemed 'final' provided it evidences the arbitrators' intention to resolve all claims submitted in the demand for arbitration ...").

■ In this case, the arbitrator's decision does not address the damages issue that also was submitted to arbitration. Nor does it fully and finally resolve the dispute that was the subject of the arbitration in a way that makes clear the rights and obligations of the parties under the "award".

In this respect, the "award" is no different from a district court's decisions with respect to liability, alone, which consistently have been held to be non-appealable interlocutory orders. *See Republic Natural Gas Co. v. Oklahoma,* 334 U.S. 62, 68, 68 S.Ct. 972, 976–77, 92 L.Ed. 1212 (1948) ("[T]he requirement of finality has not been met merely because the major issues in a case have been decided and only a few

loose ends remain to be tied up—for example, where liability has been determined and all that needs to be adjudicated is the amount of damages."); *Forschner Group, Inc. v. Arrow Trading Co.*, 124 F.3d 402, 410 (2d Cir.1997) ("[W]here liability has been decided but the extent of damages remains undetermined, there is no final order."); *Wahl v. Bellissimo, III*, 831 F.2d 298, 1987 WL 44955 (6th Cir.1987) (Appeal dismissed because "a final judgment has not been entered inasmuch as the district court bifurcated the issues of liability and damages, and only the issue of liability has been decided to date by the district court."). There is no discernable reason for permitting such piecemeal appeals in the arbitration context either.

UltraCision argues that because the parties may determine what matters are submitted to arbitration, they also have the power to determine what decisions should be deemed "final"; and, therefore, reviewable by the district court. UltraCision relies on the Second Circuit's decision in *Trade & Transport, Inc. v. Natural Petroleum Charterers Inc.*, 931 F.2d 191 (2d Cir.1991); but that reliance is misplaced. *Trade & Transport* must be read in the context of a long line of Second Circuit decisions adhering to the well-established principle that all aspects of a claim must be decided by an arbitrator prior to review by the district court. *Trade & Transport* is readily distinguishable from those cases.

First in that line of cases was *Michaels v. Mariform Shipping, S.A.*, 624 F.2d 411, 413 (2d Cir.1980). There, the Second Circuit reiterated the general rule that "[i]n order to be 'final,' an arbitration award must be intended by the arbitrators to be their complete determination of all claims submitted to them." The court went on to hold that an arbitration panel's decision on liability alone was not a final award for purposes of a motion to vacate made in the district court. *Id.* at 414. The Court noted that "[p]olicy considerations, no less than the language of the [Federal Arbitration] Act and precedent construing it, indicate that the district courts should not be called upon to review preliminary rulings

by arbitrators," and "[g]enerally, in order for a claim to be completely determined, the arbitrators must have decided not only the issue of liability of a party on the claim, but also the issue of damages." *Id.*

Five years later, the Second Circuit decided *Metallgesellschaft A.G. v. M/V Capitan Constante*, 790 F.2d 280 (2d Cir.1986). In that case, the owner of a quantity of fuel oil claimed that a shipping company that it had hired to deliver the oil delivered less than the amount entrusted to it. Accordingly, the owner of the oil refused to pay a portion of the shipping charge. The shipping company sued for the balance of the shipping charge, and the defendant counterclaimed for the value of the missing oil. Both claims were submitted to arbitration.

The arbitration panel made a "partial final award" to the tanker company for the shipping charges due before deciding the defendant's counterclaim for the value of the missing oil. The court noted that both under the contract and as a matter of admiralty law, there is no right to setoff the amount due for freight delivery because of the policy of ensuring speedy payment of freight bills to shipping companies that need the cash and can't afford to have their payments delayed. Accordingly, the court, with Chief Judge Feinberg dissenting, found that the two claims were separate and independent and held that the award to the shipping company was a final award.

In *Kerr–McGee Refining Corp. v. M/T Triumph*, 924 F.2d 467 (2d Cir.1991), the Second Circuit made it clear that *Metallgesellschaft* did not alter the rule that an arbitration decision regarding liability only is not a "final" award under § 10(d). In that case, the issue was whether a motion to vacate an arbitration "award" with respect to liability was time-barred because the motion was made more than one year after the "award". The court held that since a decision regarding liability alone was not "final" and couldn't have been the subject of a motion to vacate, the statute of

limitations did not begin to run until damages were awarded.

*Trade & Transport* was decided four months after *Kerr–McGee*. In *Trade & Transport,* the court held that once an arbitration panel issues a decision on liability, the decision is "final", and cannot be revisited by the *panel,* even though the panel has not yet decided damages because once the arbitrators have finally decided the submitted issues, they are "functus officio"—their authority over those issues is ended. *Id.* (emphasis added).

*Trade & Transport* differs from the instant case in that the issue presented here is whether the arbitrators' decision on liability is final for purposes of determining whether it can be *reviewed by the district court,* and not whether it may be *revisited by the arbitrators.* The importance of that distinction becomes apparent when one considers the purpose of arbitration. Prohibiting an arbitrator from reopening decisions already made promotes the expeditious and inexpensive resolution of the dispute. On the other hand, requiring district court review of an arbitrator's decision regarding fewer than all the issues underlying a dispute would have the opposite effect. It would cause delays at every stage where review is sought, and would result in unnecessary expenses and a waste of judicial resources. Moreover, it would place the parties and/or the arbitrators in the position of dictating the jurisdiction of the district court and the matters that it must hear.

In short, the "award" in question is not a final award that is appealable under the FAA or the RIAA, and reviewing the award would undermine the arbitration process and would result in piecemeal appeals that waste time, money and judicial resources.

### Conclusion

For all of the foregoing reasons, UltraCision's Motion to Vacate Portions of Arbitration Award is denied and this case is dismissed without prejudice to UltraCi-sion's right to seek to vacate any final award that may be made in the future.

IT IS SO ORDERED,