April 26, 2023

**Supreme Court**

No. 2022-39-Appeal.
(KD 21-383)

Ocean State Credit Union      :

v.      :

Brian E. Menge, Alias.      :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 or Email opinionanalyst@courts.ri.gov of any typographical or other formal errors in order that corrections may be made before the opinion is published

Ocean State Credit Union       :

v.       :

Bryan E. Menge, Alias.       :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

# O P I N I O N

**Justice Lynch Prata, for the Court.**  This case came before the Supreme Court on March 2, 2023, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The defendant, Bryan E. Menge (defendant), appeals *pro se* from an order of the Superior Court denying his motion for a new trial after judgment entered in favor of the plaintiff, Ocean State Credit Union (plaintiff).  After considering the parties' written and oral submissions and reviewing the record, we are satisfied that cause has not been shown.  For the reasons set forth herein, we affirm the order of the Superior Court.

## Facts and Travel

On December 5, 2018, defendant entered into an agreement to repay a $3,000 loan that he had received from plaintiff.  According to plaintiff, defendant made his

last payment on the loan on December 30, 2019.  The loan was "charged off"[1] and turned over to collections on March 17, 2020.  The original complaint filed by plaintiff in the District Court sought the sum of $2,249.82 owed on the promissory note, plus contractual interest in the amount of $89.97.  Thereafter, plaintiff filed a motion for summary judgment in the District Court, which was granted.  Final judgment entered in favor of plaintiff, and defendant timely appealed seeking a *de novo* trial in the Superior Court.

In the Superior Court, defendant filed a motion to compel production of certain financial documents and a motion to enlarge time for trial.  Consequently, defendant filed another motion seeking to compel production of documents and to continue the trial.  At the hearing on the motions, defendant indicated that he was seeking discovery of documents related to plaintiff's "writing off" the loan, and a copy of the IRS Form 1099-C, which he claimed was required to be sent to the debtor.[2]  The defendant argued, without citing any legal authority, that the issuance

---

[1] *See* Charge Off, Black's Law Dictionary 292 (11th ed. 2019) (defining a "charge off" as "[t]o treat (an account receivable) as a loss or expense because payment is unlikely").

[2]  The term "write off" means "[t]o transfer the entire balance (of an asset account) to an expense or loss account to reflect the asset's total loss of value." Black's Law Dictionary 1929 (11th ed. 2019).  The filing of a Form 1099-C is required by the following IRS regulation:

> "[A]ny applicable entity * * * that discharges an indebtedness of any person * * * of at least $600 during a calendar year must file an information return on Form

of a 1099-C Form is a discharge of the debt. The plaintiff stated that it had provided

defendant with all relevant financial documentation, but had not provided a 1099-C

Form, as this form was never issued in this case and, therefore, did not exist. The

trial justice denied the motions to compel and for a continuance.

At trial, the collections manager for plaintiff testified that defendant had

signed a loan application and an agreement for the repayment of the loan. The

collections manager stated that defendant had failed to make the required payments

on his loan. On cross-examination, the collections manager acknowledged that calls

had been logged in which defendant attempted to renegotiate his debt just prior to

its being written off. The plaintiff indicated that it was seeking $2,249.82, plus

contractual interest of $89.97, statutory interest, costs, and attorneys' fees. The trial

justice issued a bench decision, holding that the exhibits submitted by plaintiff and

the testimony of the collections manager demonstrated that defendant received said

loan and owed $2,249.82 on the loan, plus interest and costs. The trial justice further

determined that $250 per hour for 10 hours of work was a reasonable amount in

---

1099-C with the Internal Revenue Service. Solely for purposes of the reporting requirements of section 6050P and this section, a discharge of indebtedness is deemed to have occurred * * * if and only if there has occurred an identifiable event described in paragraph (b)(2) of this section, whether or not an actual discharge of indebtedness has occurred on or before the date on which the identifiable event has occurred." 26 C.F.R. § 1.6050P-1(a).

attorneys' fees for plaintiff's counsel. After trial and after the decision had been rendered on the merits, defendant filed a motion to assign the matter for a jury trial. In a separate filing, defendant asked the Superior Court to take judicial notice that plaintiff was required to comply with federal banking regulations and moved to establish counterclaims.

Consequently, the Superior Court entered an order denying defendant's motion to compel production of documents and denying the motion to enlarge time for the trial date as the trial had already concluded. Judgment was entered in favor of plaintiff, and defendant filed a motion for a new trial.[3] The defendant learned that the trial justice would hear his motion for a new trial in Providence County instead of Kent County, where all proceedings had previously been held, the trial justice having been newly assigned to Providence County. The defendant then filed a motion to quash the change of venue and also requested a preliminary injunction to require the Superior Court to hold all proceedings in the case in Kent County. He

---

[3] The September 15, 2021 judgment is labeled "Order" but appears to be a judgment in substance in that it states that the judgment may enter in favor of plaintiff. Rule 54(a) of the Superior Court Rules of Civil Procedure provides that the term judgment "includes a decree and any order from which an appeal lies." *See also* G.L. 1956 § 9-24-1 (providing that parties aggrieved by a judgment, decree, and order may appeal to the Supreme Court). A final judgment, order, or decree is "one that completely terminates the litigation between the parties." *Martino v. Ronci*, 667 A.2d 287, 288 (R.I. 1995) (quoting *In re Joseph T.*, 575 A.2d 985, 986 (R.I. 1990)); *see Jackson v. Medical Coaches*, 734 A.2d 502, 504 (R.I. 1999).

contended that certain paperwork required in order to move the case from one county to another had not been filed.

The defendant's motion for a new trial and motion to quash were heard before the trial justice in Providence County, where defendant again objected to the case being transferred to Providence. The defendant further argued that his due-process rights were violated when the District Court granted summary judgment for plaintiff without a written basis for its decision. The defendant additionally argued that the Superior Court judgment was incorrect because it did not encompass his motion for a jury trial and motion to file a counterclaim, which were both filed after the decision was issued by the trial justice but prior to the entry of judgment.

The trial justice noted that he presided over the trial and, therefore, the motion for a new trial would be considered by him in whatever county he was assigned to. The trial justice also indicated that the case remained a Kent County case even though he was then in Providence County. Therefore, defendant's motion to quash and objection to change of venue was denied. The trial justice also denied defendant's motion for a new trial, deciding that defendant had not demonstrated any errors of law or constitutional violations. The defendant filed a timely notice of appeal.

**Standard of Review**

"This Court's review of a trial justice's decision on a motion for a new trial is deferential." *Baker v. Women & Infants Hospital of Rhode Island*, 268 A.3d 1165, 1168 (R.I. 2022) (quoting *Patel v. Patel*, 252 A.3d 1221, 1229 (R.I. 2021)). "On appeal, a trial justice's decision on a motion for new trial will not be disturbed, assuming he or she performed the appropriate analysis, 'unless the party challenging that decision can show that the trial justice overlooked or misconceived material and relevant evidence or was otherwise clearly wrong.'" *Id.* (quoting *Patel*, 252 A.3d at 1229). "However, with respect to a motion for a new trial on questions concerning an alleged error of law, our review is *de novo*." *Id*. (quoting *Patel*, 252 A.3d at 1229).

**Discussion**

On appeal, defendant argues that there were questions of material fact precluding the District Court from granting summary judgment in favor of plaintiff. The defendant contends that this Court has the ability to review the District Court action. The defendant also asserts that the Superior Court erred in changing the venue for the hearing on the motion for a new trial from Kent County to Providence County because his right to a fair hearing was prejudiced by the venue change. The defendant suggests that the trial justice erred in denying his motion to compel production of documents because the trial justice failed to set forth findings of fact and caselaw to support the denial of the motion to compel. Further, defendant argues

that the Superior Court erred in denying his motion for a jury trial and his motion to establish counterclaims because the order denying the motions failed to include findings of fact. The defendant maintains that his due-process rights were violated when the Superior Court clerk's office did not schedule his motion to compel discovery.

In response, plaintiff asserts that the trial justice did not commit error in denying defendant's motion for a new trial. The plaintiff maintains that there is only one order on appeal and that the Court need not and should not indulge defendant's wide-ranging implied and express requests beyond what is properly before the Court. The plaintiff notes that the undisputed evidence at trial demonstrated that defendant failed to make the required payments on his promissory note.

The defendant filed a notice of appeal, wherein he challenged the order denying his motion for a new trial. Under Rule 59(a) of the Superior Court Rules of Civil Procedure, a new trial may be granted "for error of law occurring at trial * * * ." The trial justice was more than patient in entertaining defendant's motion, giving him ample time to develop his arguments. In deciding the motion, the trial justice was thorough in engaging with defendant's arguments and determining that there were no errors of law or any constitutional violations. The record indicates that defendant signed a promissory note and failed to make the required payments. The collections manager testified that the loan was charged off. *See Houle v. Capital*

*One Bank (USA), N.A.*, 570 S.W.3d 364, 368 (Tex. App. 2018) (stating that account holder's statement included a note that the account had been "'charged off,' which is described as a status change from 'past due'"). There is no evidence whatsoever that defendant was ever relieved of his obligation to repay the note. The defendant continued to be liable for the debt. The lender indicated that repayment was untimely. The trial justice found that a 1099-C Form was never issued by plaintiff. The defendant has failed to provide this Court with a cogent argument that the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong.

The defendant's remaining contentions have no merit. The defendant's assertions of error in the District Court are of no moment because he sought and received *de novo* review in the Superior Court.[4] With respect to change in venue, we have indicated that a change in venue must be predicated upon specific statutory authority. *See Berberian v. Town of Westerly*, 119 R.I. 593, 596-98, 381 A.2d 1039, 1041-42 (1978). Here, the trial was heard in Kent County; once it concluded, the trial justice was transferred to Providence County, where he heard the motion for a new trial. Under G.L. 1956 § 9-11-8:

> "All questions of pleading or practice, not arising in the
> trial of the case, all motions, and all defaulted cases in the

---

[4] This Court has been clear that a *de novo* appeal from the District Court to the Superior Court vacates the District Court judgment. *See Val-Gioia Properties, LLC v. Blamires*, 18 A.3d 545, 549 (R.I. 2011).

> superior court shall be heard and disposed of by the court for the county in which the action is pending; provided, that all such matters arising in Newport, Kent, or Washington county may, when the court is not sitting in the county, be heard and disposed of in Providence * * * ."

We discern no violation of the defendant's right to a fair trial because the post-trial motions were heard in Providence, in accordance with § 9-11-8. Finally, the post-trial orders denying the defendant's motion for a jury trial and motion to establish a counterclaim were not part of the order appealed by the defendant and, therefore, are not presently before this Court.

## Conclusion

For the reasons set forth in this opinion, we affirm the order of the Superior Court. The record shall be returned to the Superior Court with our decision endorsed thereon.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| Title of Case | Ocean State Credit Union v. Bryan E. Menge, Alias. |
| Case Number | No. 2022-39-Appeal.<br>(KD 21-383) |
| Date Opinion Filed | April 26, 2023 |
| Justices | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| Written By | Associate Justice Erin Lynch Prata |
| Source of Appeal | Kent County Superior Court |
| Judicial Officer from Lower Court | Associate Justice Jeffrey A. Lanphear |
| Attorney(s) on Appeal | For Plaintiff:<br><br>Matthew J. McGowan, Esq. |
| | For Defendant:<br><br>Bryan E. Menge, *pro se* |